HOFFELMANN *et al.* v. FRANKE, *Plaintiff in Error.*

1. **Injunction, Dissolution of:** ASSESSMENT OF DAMAGES. It seems that an assessment of damages caused by a temporary injunction should be made at the same term at which the dissolution of the injunction occurs.

2. ————: ————: NOTICE. Where an injunction *pendente lite* has been dissolved on final hearing, a motion for the assessment of damages caused thereby, when made at a subsequent term and without notice to the adverse party, should be denied.

*Error to St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

AFFIRMED.

*Martin, Laughlin & Kern* for plaintiff in error.

(1) The action of the court in June, 1873, in vacating the judgment theretofore entered, was right. The judgment of the court was irregular and subject to correction. *Stacks v. Cooper*, 25 Mo. 403. (2) The final judgment dissolving the injunction was right. No appeal has been taken from said judgment and it is binding on the parties thereto. (3) The injunction being dissolved, the defendant's right to damages is undisputed. It must be ascertained and assessed in the injunction case. *Dorris v. Carter*, 67 Mo. 544; R. S. 1879, sec. 2712.

*Krum & Jonas* for defendants in error.

The motion to assess damages upon the injunction bond, under section 2712, Revised Statutes, after the lapse of three years or more from the time of the dissolution of the injunction and the dismissal of the bill, comes too late. *Loehner v. Hill*, 19 Mo. App. 144.

SHERWOOD, J.—In this cause, the injunction was in aid of the principal suit, the latter was heard on its merits, the petition dismissed and the injunction dissolved on the nineteenth day of December, 1881. On the twenty-third of April, 1883, a motion was filed for the assessment of damages, but no notice of the motion was served on the opposite party, and on November 12 next following, the motion to assess damages was denied.

The point has, it seems, never been ruled by this court, whether an assessment of damages must occur at the same term at which the dissolution of the injunction occurs ; but this has been the ruling made by the St. Louis court of appeals in *Loehner v. Hill*, 19 Mo. App. 141 ; and it is believed that this ruling is in accord with the prevalent practice in such cases. But however that may be, whether it be admissible to proceed to have an inquiry of damages after the lapse of the term at which the dissolution of the injunction occurs, or not, it would certainly seem requisite after such term had gone by, to notify the opposite party of the proposed inquiry of damages before proceeding to have the same assessed. This was the view taken by the lower court and we affirm the judgment. NORTON, C. J., BLACK and BRACE, JJ., concur ; RAY, J., absent.

SHERWOOD, J.—In my opinion, the court should have ordered notice to be given of the motion, and not have dismissed the cause.