THE ALLIANCE TRUST COMPANY, *Appellant*, v. STEWART *et al.*

### Division One, March 25, 1893.

1. **Injunction**: SALE UNDER DEED OF TRUST: DAMAGES. An injunction restraining a trustee from selling under a deed of trust in the nature of a mortage does not fall within the provisions of the statute (Revised Statutes, 1889, sec. 5500) which limits the damages to ten per cent. of the sum released by its dissolution.

2. ———: ———: ———. The person injured by the dissolved injunction is entitled to recover as damages full compensation for all losses sustained which are the actual, natural and proximate result of the wrong committed.

3. ———: ———: ———. Although the temporary injunction was properly issued and was afterwards dissolved, solely because of a subsequent sale under a prior deed of trust over which the plaintiff in the injunction proceeding had no control, it does not follow that only nominal damages should be awarded the party injured.

4. ———: ———: ———. The cost of advertising the sale which was enjoined and a reasonable attorneys' fee were legitimate elements of damage, if incurred on account of granting the injunction or in efforts to procure its dissolution.

5. ———: ———: ———. The expense of attending to take the deposition of a witness in another state was rightly allowed as an element of damages, though it was claimed that the deposition was intended to be used as evidence in the principal case and not in the matter of the injunction, it appearing that the matters relating to the two were so blended in the deposition that it was impossible to separate them.

6. ———: ———: ———. The sum due on the debt secured by the deed of trust, the sale under which was enjoined, is not recoverable as damages on the dissolution of the injunction.

7. **Injury**: DAMAGES. One sustaining injury by the act of another cannot recover for damages which might have been averted by reasonable exertion and care by the injured party.

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

*Pratt, Ferry & Hagerman* for appellant.

(1) No damages should have been assessed. 10 American & English Encyclopedia of Law, 814; *Foster v. Bank,* 58 Vt. 658; *Uhrig v. St. Louis,* 47 Mo. 528. (2) The debt due Sheidley was improperly allowed as damages. *First.* Neither the statute (Revised Statutes; 1889, sec. 5498) nor the injunction bond contemplated security for the debt. High on Injunctions [3 Ed.] secs. 1668, 1674; *Moore v. Hallum,* 1 Lea, 511; *Staples v. Handley,* 12 S. W. Rep. (Tenn.) 339; *Menken v. Frank,* 57 Miss. 732; *Portsmouth, etc., Co. v. Byington,* 12 Ohio, 114; *Teaff v. Hewitt,* 1 Ohio St. 511. *Second.* The damages must be the direct and proximate result of the injunction. Speculation and remoteness are to be avoided. 10 American & English Encyclopedia of Law, 995–996; 2 High on Injunctions [3 Ed.] sec. 1663; *Bercher v. Parker,* 40 Mo. 118; *Uhrig v. St. Louis,* 47 Mo. 528; *McKinzie v. Mathews,* 59 Mo. 99; *Holloway v. Holloway,* 103 Mo. 274; *Center v. Hoag,* 52 Vt. 401; *Kerngood v. Gusdorf,* 5 Mackey (D. C.), 161; *Hotchkiss v. Platt,* 8 Hun, 46; *Harvey v. Berry,* 1 Baxter (Tenn.), 252. The allowance of the debt was contrary to such rule. *Third.* The debt was not lost to Sheidly by the injunction. Stewart was the only one enjoined from selling. Sheidley not having been enjoined could have sold through the sheriff or by foreclosure proceedings in court. *Fourth.* The debt has never been lost because the note secured by the deed of trust was merely

collateral to other notes upon which there was ample personal security. (2) The court should not have allowed eight per cent interest to run upon a portion of the judgment. The statute allows but six per cent (Revised Statutes, sec. 5974), unless the contract sued on provides a higher rate. The bond upon which the assessment was made does not so provide. (3) All the costs in the case should not have been assessed as damages on the bond, because those made after dissolution were not caused by the injunction. Reason and authority so declare. *Lillie v. Lillie*, 55 Vt. 471; *Teasdale v. Jones*, 40 Mo. App. 243. (4) The injunction was solely against Stewart, yet damages were awarded in the name of Sheidley. *Holloway v. Holloway*, 103 Mo. 274; *Andrews v. Woolen Co.*, 50 N. Y. 282. (5) $50 for taking depositions was not an expense caused by the injunction. The deposition was for use in the main case only. *Holloway v. Halloway*, 103 Mo. 274; 2 High on Injunctions [3 Ed.] sec. 1689.

*L. P. Cunningham* and *Thomas Dolan* for respondents.

(1) Sheidley's debt was lost by reason of injunction. (2) Sheidley was not required to take care of prior deed of trust. (3) The injunction having been dissolved is conclusively presumed to have been wrongfully issued. High on Injunctions [3 Ed.] sec. 1665; *Smith v. Wells*, 46 Miss. 64; *Cummings v. Muggs*, 94 Ill. 186. (4) Respondent was not limited to nominal damages. (5) There was no error in allowing the Sheidley debt as damages. *Kennedy v. Hammond*, 16 Mo. 341; Revised Statutes, 1889, sec. 5498; *City, etc., v. Alexander*, 23 Mo. 483; *Riddlesbarger v. McDaniel*, 38 Mo. 142; *Meysenberg v. Schlieper*, 48 Mo. 426; *Roberts v. White*, 73 N. Y. 376. (6) Sheidley was

not required by law to pay the debt secured by the first deed of trust. (7) Sheidley was enjoined and prevented from collecting his debt. High on Injunctions, sec. 1677; *Cumberland, etc., v. Coal Co.*, 39 Barb. 16. (8) $50 expense for taking the deposition was proper. *Holloway v. Holloway*, 103 Mo. 285; *Hammerslough v. Ass'n*, 79 Mo. 81. (9) The injunction was not solely against Stewart. The damages were properly awarded in favor of Sheidley. (10) The attorney's fee of $75 was properly allowed.

MACFARLANE, J.—This appeal is from a judgment of the circuit court of Jackson county for damages assessed upon an injunction bond after the dissolution of a temporary injunction.

The petition charges that plaintiff is a corporation, and the owner of a certain lot therein described, subject to a deed of trust dated December 22, 1888, executed by one R. M. Stewart and wife, then the owners of the lot, to defendant A. J. Stewart as trustee; that said deed of trust purports upon its face to have been given to secure a promissory note of the same date for $10,000, payable six months after date to defendant Bogarte; that, said note and deed of trust were in fact given by said Stewart as collateral security for certain other debts due by him, and the amount of such other indebtedness must determine the amount due upon said note; that, after said note had become due on the twelfth day of April, 1889, and was in the hands of the Union National Bank of Kansas City for collection, plaintiff, who wished to redeem said land from said deed of trust, called upon said bank for the purpose of paying the note, and was advised that there was due thereon the sum of $6,560; that thereupon, on the same day, plaintiff tendered said amount to said bank, and demanded said note, but said bank, for reasons

unknown to plaintiff, refused to receive payment on, deliver up, or cancel said note; that said note was afterwards indorsed without recourse and delivered to defendant George Sheidley, but without consideration; that on the ninth of November, 1889, plaintiff paid to said defendant Sheidley the sum so tendered, viz. $6,560, which plaintiff charged was the full amount due thereon; that previously, on the ninth day of October, 1889, defendant Stewart caused said land to be advertised for sale under said deed of trust; that an accounting was necessary to ascertain the amount really due on said note; that it believed the amount so paid was the whole amount due, and the deed of trust ought to be satisfied. Plaintiff offered to pay whatever might be found due on said note upon a proper accounting, asked that the sale be enjoined until an account could be taken, and for all proper relief.

A temporary injunction was granted, and a bond for $5,000 given in November, 1889. An answer and motion to dissolve the injunction were filed by defendants.

In October, 1890, on the suggestion of plaintiffs, that the property had been sold under a prior deed of trust, the injunction was dissolved, and a motion filed by defendants for an assessment of damages.

Upon a hearing of the motion the following facts were developed: There were four several deeds of trust upon the land made by R. M. Stewart, then the owner, subject to which plaintiff held the title. *First.* To secure the Lombard Investment Company, $10,000; *second*, to secure C. Douht, $7,500; *third*, to secure to defendant E. M. Bogarte, $10,000; *fourth*, to secure George Sheidley, $5,000. The third deed was subject to the first and second, and fourth to the other three, and so expressed in the deeds.

The third, or Bogarte deed and note, to which the injunction applied, were merely collateral for the following notes: One for $5,000, one for $2,500, and one for $1,500, each signed by E. M. Stewart and defendant J. A. Stewart, who was also trustee in the deed of trust, and one for $600, signed by R. M. and Susan A. Stewart. The $1,500 note was also. signed by one J. W. Stewart and J. A. S. Burnsides. It was shown that through negotiations between R. M. Stewart and Sheidley it was ascertained that the latter could obtain the Bogarte indebtedness upon payment of $6,500. The notes were sent to the bank in order that the transfer might be effected; and while in the bank, plaintiff, as owner of the land, tendered that amount, which was refused.

Afterwards, on the thirteenth day of September, 1889, the $10,000 Bogarte note, and the four notes for which it was collateral, were transferred to defendant Sheidley without recourse. The day after the injunction was granted, plaintiff paid Sheidley the $6,500 and interest. Sheidley was causing Stewart, the trustee, to advertise the land for sale under the Bogarte deed of trust, when the injunction was granted, November 10, 1889. On the twenty-eighth day of April, 1890, the land was sold under the first deed of trust, made to secure the note for $10,000 to the Lombard Investment Company, for non-payment of an installment of interest, amounting to about $300, and a deed made by the trustee to the purchaser. No depreciation in the value of the property between granting the injunction and the sale was shown.

On the twenty-eighth day of October, 1890, plaintiff filed in court a statement setting forth the sale, and stating that the property had been sold to a third person, and that "any interest of the parties to this

suit has been forever barred and foreclosed. Plaintiff therefore enters its dismissel of said suit." Defendants objected to this dismissal until account should be taken of the balance due on the Bogarte notes, claiming that Sheidley, under the pleadings, had a right to a judgment against plaintiffs for any balance that might be found to be due. The suit was however dismissed, and the injunction dissolved.

The damages were assessed by the court as follows: "$4,488.44, being the balance with interest of the $10,000 note mentioned in petition; $36 for advertising trustee's sale which was enjoined; $50 for expenses of Mr. Dolan taking depositions in Indiana, and $75 for attorneys' fees; and all costs of court were taxed against plaintiff."

Judgment was entered against plaintiff for the amount assessed as for breaches of the injunction bond, and it appealed.

I. The conditions of the bond require, in case of a breach, that the obligor should "pay all damages that may be occasioned by such injunction, and will abide by the decision made thereon, and pay all sums of money, damages and costs, which shall be charged against it if the injunction shall be dissolved." These are also the conditions required by the statute. Revised Statutes, 1889, sec. 5489. No measure of damages is pointed out by statute, except "if money, or any proceedings for the collection of any money or demand, shall have been enjoined," the statute provided that "the damages thereon should not exceed ten per cent. on the amount released by the dissolution, exclusive of legal interests and costs." Revised Statutes, sec. 5500.

It has been held, and is well settled, that an injunction restraining a trustee from selling land under a power contained in a deed of trust in the nature of a

mortgage does not come within the provisions of the statute which limits the damages to ten per cent. of the amount released by the dissolution. *St. Louis v. Alexander*, 23 Mo. 484; *Kennedy's Adm'x. v. Hammond*, 16 Mo. 341. It is very clear that a per cent. would not afford an accurate basis for estimating damages in such cases. In some circumstances ten per cent. on the debt enjoined might be greatly in excess of the damages actually incurred, and in other circumstances it might fall far short of fair compensation. The rule of damages in such cases has been stated thus: "The amount of injury should be determined by proper evidence, taking into consideration the probable amount that might have been realized had the sale not been enjoined, the value of money at the time and such other circumstances as tend to show the actual damage sustained." 2 High on Injunctions, sec. 1671.

The general rules of law, then, governing the assessment of damages in analogous cases, should be applied. The party injured by the injunction is entitled, as damages, to full compensation for all losses sustained which are the actual, natural and proximate result of the wrong committed. 2 High on Injunctions, sec. 1663; 10 American & English Encyclopedia of Law, 995; *Holloway v. Holloway*, 103 Mo. 284; *St. Louis v. Alexander, supra.*

II. It is insisted by plaintiff that the temporary injunction was properly issued in the first instance, and was afterwards dissolved solely on account of the subsequent sale under a prior deed of trust, over which he had no control, and that, therefore, only nominal damages should have been awarded.

We do not think this position can be sustained. The very terms of the statute and of the obligations of the bond required the payment of damages, should the injunction be dissolved. The voluntary dismissal of

the injunction suit must be regarded as a judicial determination that a breach of the bond entitling defendants to damages has occurred. This was one of the conditions upon which the injunction was granted. 2 High on Injunctions, sec. 1649a; *Steamship Co. v. Toel*, 85 N. Y. 646. The undertaking here was absolute on a dissolution, and not, as in a recent New York case, conditioned that the court should finally decide that the plaintiff was not entitled to an injunction. *Appollinaris Co. v. Venable*, 32 N. E. Rep. 555.

Even under the obligation of the bond in that case the court remarked that the sureties upon such an undertaking may be held in some cases, although there had been no formal adjudication against the right of a temporary injunction; as where "plaintiff, *ex parte*, and without the consent of defendants, enters an order vacating the injunction and discontinuing the action." This, it was said, is "equivalent to the adjudication that the plaintiff was not entitled to the injunction when granted."

In this case the suit was dismissed and the injunction dissolved by the voluntary act of plaintiff, and against the objection of defendants. While a further prosecution of the suit, after sale, would have been idle and useless, still a sale was a contingency that might have been anticipated, and plaintiff risked a dissolution therefore when he asked for and obtained the injunction.

III. No serious objection is made by plaintiff to the assessment as damages of the cost of advertising the sale which was enjoined, and a reasonable attorney's fee, nor to the amount of these assessments. There is no doubt these were legitimate items of damage if incurred on account of granting the injunction, or in efforts to procure its dissolution.

IV. Objection is made to the expense of attending to taking the deposition of defendant Bogarte in Indiana, on the ground that the deposition was intended to be used as evidence in the principal case, and not in the matter of the injunction. The matters connected with the principal case and those relating to the injunction are so blended in this deposition that we are unable to separate them. The expense of going to Indiana was the same, regardless of how small a part of the deposition may have had a bearing upon the question of a dissolution of the injunction, and we think that item of damage properly allowed. *Hammerslough v. Building Ass'n*, 79 Mo. 81; *Holloway v. Holloway, supra.*

V. The chief controversy in the case arises over the action of the court in allowing as damages the balance due on the Bogarte note and deed of trust, a sale under which was enjoined. As has been seen, defendant is entitled to recover as damages all losses and injuries naturally and fairly inferable to the unlawful act of plaintiff in obtaining the injunction, and the question is whether the loss of the balance due on this debt can fairly be attributed to that cause. Sheidley was depending, of course, upon securing the payment of the balance of his debt by the sale which was enjoined. This could have been accomplished only by either buying in the property and selling it again, so as to realize the amount due on the note, or by some one coming forward who would bid on the land an amount sufficient to cover the debt. In other words, in order to save his debt, Sheidley was bound to find someone who would pay the amount in consideration of acquiring the equity of redemption in the land. Whether such a person could have been found was entirely too speculative and conjectural to make the bare possibility of doing so a rule for the measurement

of his damages. The probability of saving the debt in this manner appears even more speculative, in view of the fact that Bogarte had, immediately before the attempted sale, accepted from Sheidley, in full consideration for the assignment of the note, sixty-five per cent. of its face value. The injunction did not bring about or cause the sale under the first deed of trust. This deed was on record, imparting notice to defendants of its terms and conditions, and of the power of sale for breach of such conditions. Defendants were advised that a sale might take place thereunder upon a nonpayment of interest. This power of sale did not depend at all upon whether a sale was made under any subsequent deed, and might have occurred with the same damaging results had no injunction existed. None of the defendants were restrained from doing any act that would have been necessary to the protection of their rights in this property from the acts of those holding the prior incumbrances. Moreover, one sustaining damages from the act of another should not stand by and allow damage to be incurred, which, by reasonable exertion or cost on his part, might have been averted. He cannot recover for damages thus permitted. *Douglass v. Stephens*, 18 Mo. 366; *Railroad v. McGrew*, 104 Mo. 291. In no view of the case can the allowance as damages of the balance due on the note be sustained. Judgment reversed, and cause remanded with direction to enter judgment for the sum of all items of damages allowed except the balance due on said note. All concur.