147   453
84a  266
84a  267
85a  229

FEARS et al., Plaintiffs in Error, v. RILEY et al.

Division One, December 23, 1898.

1. **Injunction:** MOTION TO ASSESS DAMAGES: WHEN MADE. It is not necessary, in order that an assessment of damages may be made against the makers of the bond in an injunction suit, that damages be asked for in the answer or allowed by the court in the judgment dissolving the injunction. They may be assessed upon mo-*tion filed during the term at which the injunction was dissolved* and the bill dismissed. And if an appeal is taken, without bond, it does not operate as a supersedeas, and hence if the motion is made at the same term at which the decree is entered, it is not premature.

2. ———: ———: AGAINST SURETIES. The court may assess damages against the sureties on the bond in an injunction case, on a motion for that purpose.

3. ———: ———: CLERK AND SHERIFF. It is not necessary for the circuit clerk and sheriff to join in such motion.

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

H. L. STROHM, R. F. WALKER and MARTIN & TERRILL for plaintiffs in error.

(1) The defendants in error, having asked no damages in their pleadings, and no damages having been allowed or decreed, can not afterward maintain a motion for an additional judgment for damages. A motion to assess damages may be allowed where damages had been called for by the pleadings and decreed. State ex rel. v. Beck, 36 Mo. App. 117; Hoffelmann v. Franke, 96 Mo. 533; Moore v. Bank, 58 Mo. App. 470. (2) It was error to give defendants judg-

ment, in the first instance, on the injunction bond, against the sureties; the statutory condition of the bond was not that the sureties pay all damages that the injunction may occasion to the defendants, but to pay such as the court shall, upon the dissolution of the injunction, adjudge against the plaintiff, and the sureties could not become liable to the defendants until such had been adjudged against the plaintiff, and he had failed to pay the same. Dorriss v. Carter, 67 Mo. 544. (3) The judgment herein complained of, was premature and is void. Cohn v. Lehman, 93 Mo. 574.

GEORGE S. GROVER, F. P. WILEY and A. H. WALLER for defendants in error.

(1) Appellants' first contention is groundless for the reasons: *First*. Because respondents' right of action to recover damages accrued to them by reason of the judgment of the court dissolving the injunction and dismissing the bill. Hence it follows that any claim for damages set up in any original pleading would have been premature, and mere surplusage. *Second*. Because section 5500, Revised Statutes 1889, provides a summary remedy, and the established practice is that this remedy is by motion. It therefore follows that respondents proceeded to have their damages assessed, at the time, and according to the method pointed out by law. (2) It was not error to give judgment against the sureties. Nolan v. Johns, 108 Mo. 431. (3) Said judgment was not premature. R. S. 1889, sec. 5500; Nolan v. Johns, 108 Mo. 431; Nieser v. Thomas, 46 Mo. App. 50; Moore v. Bank, 58 Mo. App. 470. The award of damages appealed from in this cause was not made after the principal suit was appealed to the Supreme Court, as appellants assert, but was made immediately after the judgment of the court dissolving the temporary injunction and dismissing the bill, was made final and conclusive by the

·overruling of the motion for new trial and in arrest, filed in said cause, and before the filing of the affidavit for appeal, and the granting of the appeal to the Supreme Court. There was no final judgment until motion for new trial was ·overruled. 2 Thompson on Trials, sec. 2730, p. 2068. (4) It was not necessary that notice be served on the sureties in the injunction bond, advising them that damages were asked on motions, after the dissolution of the temporary injunction. They were already in court for the purpose of these motions. Nolan v. Johns, 108 Mo. 433.

MARSHALL, J.—This case grows out of a case between the same plaintiff and defendants for an injunction to declare void and enjoin the enforcement of a judgment for $10,000 in favor of Laura Riley and against John C. Fears, and involves the assessment of damages on the injunction bond given in that case for a temporary injunction. After the dissolution of the injunction, and the decree dismissing the bill and during the same term, Laura Riley filed a motion for the assessment of her damages on the injunction bond, laying them at $1,600, and at the succeeding term Laura Riley filed an additional motion for assessment of damages claiming $600, and George Robertson filed a separate motion claiming $750. The court heard the evidence adduced by the defendants in support of their motion, the plaintiff introduced no evidence, and assessed the damages as follows: George Robertson, $250; Laura Riley, for loss of time and expenses, $21; for attorney's fees, $750; for interest on amount restrained, $600, total, $1,621. Afterwards the court allowed Laura Riley to amend her motion, by interlineation, to conform to the proof. Fears sued out a writ of error to the Kansas City Court of Appeals, which court transferred the case to this court, holding that it was a part of the injunction case pending in this court, and which is the case first above referred to.

I.   The first point relied on by plaintiff is that as no damages were asked in the defendant's answer, or allowed by the court in the judgment dissolving the injunction and dismissing the appeal, none can be recovered by motion to assess them.    To support this contention counsel rely on State ex rel. v. Bick, 36 Mo. App. 114; Moore v. Bank, 58 Mo. App. 469, and Hoffelmann v. Franke, 96 Mo. 533.

None of these cases support the contention.   In Hoffelmann v. Franke, *supra,* the court held that a motion to assess damages on the injunction bond must be filed at the same term  at which the judgment dissolving the injunction was entered (as was done here), and came too late if filed at a subsequent term, especially where no notice of the motion was given to the plaintiff, but SHERWOOD, J., held that the court, even then should have ordered the notice given, and not have dismissed the case.   Moore v. Bank, *supra,* follows Hoffelmann v. Franke, and decides nothing else.    State to use v. Bick, *supra,* was a suit by a garnishee on an attachment bond, and does not touch the proposition here involved.

The motions in this case are within the practice held necessary in the two cases above referred to, and hence this contention will not be further considered.

II.   It is next insisted that the court had no power to assess the damages against the sureties on the injunction bond.    Dorriss v. Carter, 67 Mo. 544, is relied on to support this contention.    That was a suit on the injunction bond, and this court held that no recovery could be had because no damages had been assessed in the injunction case. It affords no support for the contention here made.

In St. Louis Zinc Co. v. Hasselmeyer, 50 Mo. 180, this court held that in a proceeding against the sureties on an injunction bond, "by motion or otherwise," to assess damages on the bond, the sureties become parties, and are entitled to appear, defend and appeal.   Which means that

a judgment can be rendered against them on motion under our statute. [R. S. 1889, sec. 5500.] This was the procedure adopted and approved in Loehner v. Hill, 19 Mo. App. 141, and this case was approvingly cited in Hoffelmann v. Franke, 96 Mo. loc. cit. 534. This contention therefore fails.

III. The fact that Lowell, the circuit clerk, and Stead the sheriff, did not join in the motion to assess damages is wholly immaterial. They had no interest in the litigation and were only formal parties, and hence were not entitled to any damages. The real parties in interest joined and were before the court.

IV. The appeal from the decree dissolving the injunction was taken without bond, and hence did not operate as a supersedeas, so the motion for assessment of damages on the injunction bond was properly and timely made at the same term at which the decree was entered, and was not premature, as plaintiff claims.

This covers all the errors assigned and relied on by the plaintiff, and failing to find any merit in the points raised, and the judgment of the circuit court being clearly right, it is affirmed.

All concur.