H. S. SUTLIFF, Appellant, v. W. T. MONTGOMERY, Respondent.

Kansas City Court of Appeals, January 8, 1906.

1. INJUNCTION: Bond: Damages: Assessment. While it has been held that proceedings to assess damages shall be begun at the term during which the injunction was dissolved, it is nowhere held that the damages must necessarily be assessed at that term; and it is sufficient that the original motion was still pending when the amended motion is filed, though at a subsequent term.

2. ———: ———: ———: ———. And where the plaintiff appears to the amended motion and consents to its being set down for trial at a subsequent day when he appears and proceeds to trial without objection, he waives the informality as to time and cannot complain later.

3. ———: ———: ———: ———: Surety. Where a surety signs an injunction bond he is practically in court to answer for the breach thereof and no notice is necessary on the motion to assess damages.

4. ——: ——: ——: Attorney's Fee: Presumption. An attorney's fee is proper assessible damages where an injunction is dissolved, but it must be confined to such services as relate to the dissolution; and where the trial court allows such fee it is presumed, in the absence of contrary showing, that it was confined to services in securing the dissolution.

5. ——: ——: ——: Assessment: Judgment. Where one defendant moves for damages on the bond after dissolution of injunction which is sustained but the judgment is entered on the record in favor of all the defendants, it is a mere clerical error and the plaintiff is not damaged thereby.

Appeal from Cass Circuit Court.—*Hon. William L. Jarrott*, Judge.

AFFIRMED.

*J. W. Porter* and *W. D. Summers* for appellant.

(1) Assessment of damages on dissolution of temporary injunction must be made at the term of court at which the injunction is dissolved. Hoffman v. Franke, 96 Mo. 533; Sochner v. Hill, 19 Mo. App. 141; Moore v. Mexico, 58 Mo. App. 469; Teans v. Riley, 147 Mo. 453. A. B. Sargent had no notice of the motion and was not in court. (2) The judgment being in favor of H. A. Jones and A. A. Whitsitt, is void. A. A. Whitsitt is not a party to the action. Hence judgment could not be rendered in his favor. H. A. Jones is one of the parties joining in the motion to assess damages, but the motion itself disclaims any damages on his part and says that he was not served or enjoined. (3) The injunction in this case was ancillary to the principal object of the action, and attorney's fees cannot be recovered. 55 Mo. App. 268.

*H. A. Jones* and *Whitsitt & Jarrott* for respondent.

(1) It was not necessary to give A. B. Sargent, surety on bond, notice. Filing of bond gave jurisdic-

115 app—38

tion of surety. Noland v. Johns, 108 Mo. 431. (2) Upon dissolution of injunction in whole or part, damages shall be assessed by jury, or if neither party require jury, by court. R. S. 1899, sec. 3639; Baking Powder Co. v. Baking Powder Co., 82 Mo. App. 16; Brownlee v. Fenwick, 103 Mo. l. c. 430; Elliott v. Railway, 77 Mo. App. 664; Burford v. Packet Co., 3 Mo. App. 172-3. (3) The record shows that W. T. Montgomery alone filed a motion for damages. The other defendants did not join in the motion. The record shows that W. T. Montgomery was the only party in whose favor the judgment was rendered. The fact that the clerk wrote the judgment in favor of defendants instead of defendant, using the plural instead of the singular, in designating the defendant, W. T. Montgomery, cannot affect the rights of the plaintiff. The record shows that it was only a clerical error on the part of the clerk. Hasler v. Schoff, 70 Mo. App. 469.

BROADDUS, P. J.—The matters on this appeal arise upon the record, and it is worthy of note that the parties differ as to what the record contains. We find upon examination that it is as follows:

The plaintiff commenced suit in the circuit court of Cass county against W. T. Montgomery, Martha Montgomery, W. W. Montgomery, and H. A. Jones, defendants, in aid of which they sued out an injunction. At the May term of the said court, the principal cause was disposed of and a motion was filed by defendants to dissolve the injunction, which motion during the term was sustained. At the same time, defendants filed a motion to assess damages. The parties appeared, the motion was heard, and judgment rendered against plaintiff and his securities on the injunction bond: whereupon, plaintiff filed a motion for rehearing and in arrest of judgment. These motions were taken up on December 12, 1904, and by the court sustained. As there was a September term of said court, the order of December

12th must have been made during said term. At the succeeding January term, defendant W. T. Montgomery filed an amended motion to assess damages on the injunction bond. On January the 3rd, the motion by consent of parties was set for hearing January 6th. On January 6th, parties appeared and announced ready for trial, waived trial by jury and submitted the issues to the court. The court found the issues for the defendant and assessed the damages in their favor in the sum of $100 for attorney's fees. The plaintiff filed motion for new trial and in arrest of judgment, which the court overruled, and he appealed.

The principal claim of the plaintiff for a reversal is that under section 3639, Revised Statutes 1899, damages on an injunction bond must be assessed at the term during which the injunction was dissolved. But such is not the law. In Loehner v. Hill, 19 Mo. App. 141; Fears v. Riley, 147 Mo. 453; Hoffelmann v. Franke, 96 Mo. 533; and in Moore v. Bank, 58 Mo. App. 469, it is held that the proceedings shall be begun at the term during which the injunction was dissolved to assess the damages on the injunction bond. But no court has held, that we are aware of, that the damages must necessarily be assessed at said time. We suppose, however, that plaintiff really means that the defendant in an injunction suit, upon the dissolution of the injunction, shall file his motion or take the necessary steps, at the same term, to have his damages assessed. And he claims that the motion, upon which the damages were assessed, was filed at the January term, 1905, whereas the injunction was dissolved at the May term of the court, 1904. But the record does not so show. The original motion was filed in time and judgment rendered thereon, which was set aside upon plaintiff's motion at a subsequent term, towit, the September term, 1904, and the amended motion, upon which the final hearing was had, was filed at the succeeding term in January, 1905. The original motion was still pending when the said amended motion was

filed, and as such, it must be treated as a part of the proceedings instituted at the May term, 1904.

The plaintiff encounters another difficulty in his case, viz., that when the matter came up at the January term, 1904, he consented that it be set down for trial at a subsequent day, at which time he appeared, waived a jury, and proceeded to trial. He thus waived any informality as to the time of the filing of said amended motion, had any existed, and he ought not to be heard to complain at this late date. The court had jurisdiction of the matters in issue and the parties to the litigation.

It is also contended that the judgment is erroneous because judgment was rendered against the security on the injunction bond without notice. Section 3640, Revised Statutes 1899, does not require such notice. "Signing and filing the bond with the clerk gives the court jurisdiction over the sureties, and if the injunction is dissolved, they, under clearly implied provisions of the statute, are practically in court to answer for a breach of the bond;" and they also have the right of appeal in such cases. [Nolan v. Johns, 108 Mo. 431; Railway v. Railroad, 135 Mo. 549.]

It is contended that, as the injunction was only ancillary to the main suit, attorney's fees cannot be allowed. It is held that "Where the injunction is . . . only incidental to the main contention, and is dissolved by the judgment on the main controversy, counsel fees for the dissolution are not recoverable in an action on the bond." [Anderson v. Anderson, 55 Mo. App. 268.] But in the same case, it is also held that "Recoverable attorney's fees for procuring the dissolution of an injunction are rightly considered in the assessment of damages on plaintiff's bond." The amount to be allowed is limited to services in procuring the dissolution. But in Brownlee v. Fenwick, 103 Mo. 420, it is held that on dissolution of an injunction upon the final hearing of the case and without any motion having been made for that purpose, it was proper to allow counsel fees for ser-

vices rendered in getting rid of the injunction. The presumption here is that the allowance for attorney's fees was for services rendered in getting rid of the injunction, nothing to the contrary appearing.

Lastly, it is claimed that the judgment is in favor of all the defendants' whereas only defendant W. T. Montgomery had any interest in the damages. The motion was filed in the name of the said Montgomery only, but it seems that the clerk in entering up the judgment included the names of the other defendants. This was merely a clerical error. It is not conceivable how plaintiff will be injured thereby.

The cause is affirmed. All concur.