GEORGE S. GROVER Appellant, v. GRACE E. KIRK et al., Respondents.

St. Louis Court of Appeals. Submitted on Briefs January 6, 1915. Opinion Filed February 2, 1915.

1. INJUNCTIONS: Dissolution: Damages. On the dissolution of an injunction, damages may be allowed on the injunction bond, for attorney's fees and other necessary expenses connected with the dissolution of the injunction, and the fact that the question of dissolution is tried at the same time other issues in the case are tried does not militate against the right to an allowance.

2. ———: ———: ———: Effect of Plaintiff's Obtaining Money Judgment. Where the prayer for an injunction is the gist of the suit, and the demand for a money judgment is only incidental, it is no defense to a proceeding for an allowance of damages on the injunction bond, upon the injunction being dissolved, that plaintiff was awarded a money judgment.

3. ———: ———: ———: Collateral Attack on Dissolution. Where the judgment dissolving a temporary injunction found that it should not have been issued, plaintiff, who did not appeal from or otherwise question it, cannot, on defendant's motion for an assessment of damages, be heard to attack the judgment by denying liability.

4. JUDGMENTS: Collateral Attack. A judgment may not be attacked collaterally.

Appeal from St. Charles Circuit Court.—*Hon. B. H. Dyer,* Judge.

AFFIRMED.

*Theodore C. Bruere* and *George S. Grover, Pro Se,* for appellant.

(1) The motion to assess damages should have been denied, because it was not warranted by any statute and was wholly unsupported by any competent proof. 2 High on Injunctions, sec. 1686, p. 1634; 1 Joyce on Injunctions, sec. 207, pp. 335, 336; Brown v. Baldwin, 121 Mo. 126; Anderson v. Anderson, 55 Mo. App. 268; Banking Co. v. Monarch Co., 68 Mo. App. 603; Sutcliff v. Montgomery, 115 No. App. 592; Littleton v. Burgess (Wyoming) 16 L. R. A. 66. (2) This assessment of damages is grossly unjust, as well as inequitable. For that reason it should not have been made. (3) The motion to assess should have been denied because on the hearing at which the injunction was dissolved all the costs incident to that hearing were adjudged against respondents. (4) It is indefensible because it thereby enables the defendant Kirk to profit by her own acts in making her restraining order against her inoperative.

*Nelson Thomas* for respondent.

(1) The stenographer's transcript of his notes of testimony in trial of the main case was neither relevant to the issues tried under the motion not in competent evidentiary form. Stenographer's notes becomes a part of the record in a case only when signed by the judge as a bill of exceptions. Padgett v. Railroad, 159 Mo. 143; Becher v. Dewser, 169 Mo. 159. (3) The fact that the motion to dissolve the injunction was heard at the same time with the trial of the issues raised by the petition, answer and reply, and the injunction dissolved at the same time the case was fin-

ally disposed of, does not affect defendant's right to damages on her injunction bond. Burford v. Packet Co., 3 Mo. App. 159; Loehner v. Hill, 19 Mo. App. 141; Brownlee v. Fenwick, 103 Mo. 420; Fears v. Riley, 147 Mo. 453. (3) The evidence (and the fact) is that the preparation and court work bearing on the right of plaintiff to injunctive relief were equally applicable to the question of whether defendant owed plaintiff any amount for water consumed. Since all this evidence was material and pertinent to question of injunction, its expense is chargeable to plaintiff and his bondsman even though it was used by the court in determining the question of indebtedness. Holloway v. Holloway, 103 Mo. 274; Bohan v. Casey, 5 Mo. App. 101; Hammerslough v. K. C. Bldg. Assn., 79 Mo. 87; Lewis v. Leahy, 14 Mo. App. 564. (4) Although there is no specific evidence of just what legal services were rendered looking toward the dissolution of the injunction, and what on the main case, nor the separate charges for each class, the court may consider the services and allow to defendant the reasonable value of services necessary to the dissolution. Aikin v. Rice, 137 Mo. App. 147; Brown v. Baldwin, 121 Mo. 126; Loehner v. Hill, 19 Mo. App. 141. It will be presumed that the allowance is only for legal services incident to the injunction. Sutliff v. Montgomery, 115 Mo. App. 592.

REYNOLDS, P. J.—The appellant here, plaintiff below, instituted his suit in the circuit court of St. Louis county, against the defendant and another, praying that a temporary restraining order be issued requiring defendants and each of them to allow plaintiff an immediate reading of the water meter then in the house owned by one of the defendants and occupied by the other, the reading to be taken by any registered plumber selected for that purpose by plaintiff; that while reading this meter on the premises, the plumber be protected by the officers of the court;

that after the meter should be read and the sum due plaintiff for the use of the water in the house ascertained, that defendant Kirk be required to pay that sum to plaintiff for the use of water in the house as shown by the meter, and also to deposit with plaintiff a sufficient sum in advance for the use of water in the house for the ensuing six months, as plaintiff is required to do by the water department of the city of St. Louis, and that in default of this payment by defendant Kirk to plaintiff, that plaintiff be authorized and permitted, upon five days' notice to defendants of his intention so to do, to sever all connections between the house and the private water pipe of the plaintiff; that defendant Kirk be required, between the filing of the petition and November 1, 1909, to remove the meter from the cellar of the house and in lieu thereof, to place a proper and sufficient meter in the avenue upon which the house fronts, at or near the connection between that house and plaintiff's water pipe, as now located, at the sole cost and expense of defendant Kirk; that the meter when so removed, be securely boxed and so placed as to be properly sealed and inspected at any time by any registered plumber to be selected by the plaintiff. This is followed by the prayer for general relief.

Stated generally, the petition in which this rerelief is prayed for, avers that the defendant Kirk was owner of the house and that the other defendant Trail was her tenant, the house situated in St. Louis county. Plaintiff had sold the house to defendant Kirk. It is averred that the only water supply used and available for the house was from the city mains of the city of St. Louis, with which plaintiff, under a license from that city, had made connection and had laid a pipe along the avenue upon which this and other houses owned by plaintiff fronted and so let the water into these houses, plaintiff paying the city of St. Louis a fixed rate for the use of the water and in turn install-

ing meters in the house of defendant Kirk and in the other houses he then owned to register the water that would be used through this pipe connection of plaintiff by each particular house. The defendant, owner of the house, had the right to remove the meter and discontinue the use of the water through this pipe at any time, the plaintiff however having the right of entry and inspection for the purpose of ascertaining the meter readings. It seems that a dispute had arisen between the parties as to the correct readings of this meter and as to whether it had been tampered with, and that defendant had refused access to the premises by persons appointed by plaintiff, licensed plumbers, hence this action, there also being a question between them as to how much was due plaintiff from defendant for water used through his pipe. Plaintiff also asked a judgment for that amount when ascertained.

On the filing of this petition, which was in May, 1909, an order was issued in vacation by a judge of the circuit court of St. Louis county, requiring defendants to show cause, on a day named, why the injunction as prayed for should not be granted, defendants in the meantime being injoined from tampering with the meter, etc. On the day named the parties appeared in person and by their attorneys, and defendants making no return, and the court having considered the application for the injunction, issued a temporary injunction as prayed, requiring plaintiff to enter into bond with surety which was approved. On the return day of the writ the venue of the cause was changed to St. Charles county.

Answering the averments of the petition by a general denial, and also by specific denial and averments, and also interposing a counterclaim to recover an alleged excess payment of rates, defendant Kirk, among other things, set up that subsequent to the bringing of this suit and on or about the 29th day of

June, 1909, she had ceased to use the water through the water pipe or meter and installed a water pipe upon the premises from the water mains of the St. Louis County Water Company, and that in installing such services the water meter connecting with plaintiff's water main was in no way disturbed or affected and that the passage of water through that meter was thoroughly and completely stopped up so as to prevent the issuance of any water whatsoever from or through plaintiff's water pipe.

Following the filing of the answer, defendants moved the court to dissolve the temporary injunction and dismiss plaintiff's bill, for the reasons stated in the answers filed and for the reason that there is no equity in the bill.

The cause was heard before the court on the petition, answer and motion to dissolve the injunction Taking the cause under consideration, the court, at the December, 1910, term, found defendant Kirk indebted to plaintiff in the sum of $16.50, and adjudged that plaintiff have and recover from her that sum together with six per cent per annum interest thereon and costs and that execution issue therefor.

The court further found "that no ground of injunction exists and dissolved the injunction. It is therefore ordered, adjudged and decreed by the court that the temporary injunction heretofore herein granted be and the same is hereby dissolved and annulled and for naught held and esteemed, and defendants released from all restraints and liabilities thereby imposed on them and that the said defendants be restored to all things which they have lost by reason of said temporary restraining order, and that plaintiff's bill herein be and the same is hereby dismissed." The defendant Kirk, it appears, filed her motion for a new trial and in arrest and at the same term at which this judgment was entered filed her motion to assess damages against the plaintiff and his surety on the injunc-

tion bond, the penalty of which was $500. These motions for new trial and in arrest, filed by defendants, were subsequently withdrawn. Afterwards the death of the surety on the injunction bond was suggested and the administratrix of that surety served and brought into court on proper proceedings. Whereupon the court heard the cause, a jury having been waived, on the motion for assessment of damages. At its conclusion defendant Kirk, respondent here, was awarded the sum of $135, as attorney's fees in defending against and procuring the dissolution of the injunction, and $21.75 for traveling expenses of defendant in connection with the dissolution of the injunction, a total of $156.75.

Moving to set aside this finding and for a new trial as to that, and also moving in arrest of that judgment and excepting to the action of the court in overruling these motions, plaintiff below has duly perfected his appeal to this court.

It is the settled law of this State that on the dissolution of an injunction, damages may be allowed on the bond, for attorneys fees and other necessary expenses connected with the defense against and dissolution of the injunction, against the principal and surety on the injunction bond. [Hammerslough v. Kansas City Building, Loan & Savings Association, 79 Mo. 80; Holloway v. Holloway, 103 Mo. 274, 15 S. W. 536; Brownlee v. Fenwick, 103 Mo. 420, 15 S. W. 611; Brown v. Bladwin, 121 Mo. 126, 25 S. W. 863; Fears v. Riley, 147 Mo. 453, 48 S. W. 828; Anderson v. Anderson, 55 Mo. App. 268; Louisville Banking Co. v. Monarch Co., 68 Mo. App. 603; Sutliff v. Montgomery, 115 Mo. App. 592, 92 S. W. 515; Akin v. Rice, 137 Mo. App. 147, 177, S. W. 655.] These are a few among the many cases in which that rule has been illustrated. It has also been held in these cases that when the motion to dissolve the injunction is heard along with the case, the court should separate the value of the serv-

ices as far as possible so as to confine the damages on the injunction bond to services rendered in securing its dissolution. That is, the damages recoverable on the injunction bond are for services and expenses connected with its dissolution, and the fact that the question of its dissolution, or its right issue, as well as the main question in the case, if there be as issue outside of the injunction, have been tried together, does not deprive the party of his right for compensation for expenses connected with the dissolution.

We think that the court here recognized that rule, and on the testimony introduced awarded damages, not as covering the services of the whole case, but apportioning them, as well as he could, and as nearly on a fair basis as it was possible, according to the several lines of service. On the facts in evidence before him as to the services in securing the dissolution of the injunction and not including in that services in the case proper, the court, out of total attorney's fees of about $255, awarded $135 for services in the injunction branch of the case, and also allowed some $20 for expenses in that matter.

It is argued with great earnestness and ability by the learned counsel for appellant, that it is exceedingly inequitable to award any damages against him connected with the dissolution of the injunction, when it appears clearly that he had recovered for the money for which he sued, that is the unpaid water license or rental, and when it appeared that by her own act, the defendant Kirk, removing the meter a short time after the issuance of the injunction, had in fact done just what the plaintiff sought to have done.

There are two answers to this proposition. In the first place, the only ground for invoking the aid of a court of equity and the only ground upon which its jurisdiction can stand, is the matter set out involving the prayer for the injunction and on the strength

of which the temporary injunction was issued.    In fact the sole support for the equitable powers of the court rests on the matters and things involved in the injunction.    That was the gist of the suit; the demand and recovery for the debt were merely incidental.

In the next place, it is apparent from the judgment which was entered up in this case that the trial court, although defendant Kirk had discontinued the use of the meter, held that the injunction, not only should be dissolved, but that it should not have been issued.    That is the effect of this decree in so far as it covers the dissolution of the injunction.    The plaintiff below, appellant here, interposed no objection to this; made no motion for a new trial as to that, and has never appealed from that decree.    It stands in full force and is conclusive on him as to the fact that the injunction was improvidently issued.    On that ground he is debarred from now questioning the action of the court in dissolving that injunction.    [See Alliance Trust Co. v. Stewart, 115 Mo. 236, l. c. 243 and 244, par. II, 21 S. W. 793.]

We see no reversible error in the case to the prejudice of appellant.    The judgment of the circuit court is affirmed.    *Nortoni* and *Allen, JJ.,* concur.