STATE OF MISSOURI, AT THE RELATION OF J. B. LATSHAW, RELATOR, v. EVERETT REEVES, SPECIAL JUDGE OF THE CIRCUIT COURT OF PEMISCOT COUNTY, MISSOURI, RESPONDENT.—177 S. W. (2d) 537.

*Springfield Court of Appeals, January 6, 1944.*

Rehearing denied January 27, 1944.

*Von Mayes* for relator.

814

*Corbett & Peal* for respondent.

FULBRIGHT, J.—This is an original proceeding in prohibition which comes on to be heard following the issuance of our preliminary rule directed to respondent, Honorable Everett Reeves, Special Judge of the Circuit Court of Pemiscot County and issued at the relation of J. B. Latshaw, who was plaintiff in an injunction suit brought in said circuit court.

There is no real controversy over the pleadings and we deem them in all essential respects as sufficient.

Respondent has accepted relator's statement of the case which we adopt here, to-wit:

"Relator as plaintiff, on May 6, 1940, filed a suit against one Lem Simpson in the Circuit Court of Pemiscot County, Missouri, to enjoin him from interfering with relator in farming certain land in said county. On May 7, 1940, said court issued a temporary injunction upon relator filing a bond in said cause; issues were joined and the cause was tried December 18, 1940, and cause taken under advisement until December 30, 1940, when judgment was rendered in favor of plaintiff, making the temporary injunction permanent. The defendant appealed to this court and the judgment was reversed and cause remanded with directions to dissolve the injunction (162 S. W. (2d) 635), which was done July 8, 1942, during the regular July Term, 1942. Thereupon, at the same term, on July 18, 1942, defendant filed his motion or suggestions to assess damages on the injunction bond. The said July Term, 1942, of said circuit court, adjourned to court in course three months later, October 19, 1942. The said motion or suggestions of defendant was neither submitted nor acted upon at said July Term, and no order made relating thereto.

"At the ensuing November Term, 1942, of said court, relator filed as plaintiff a motion in said cause to dismiss the said motion or suggestions of defendant on the ground that the court was without jurisdiction to assess damages after the expiration of the judgment term. Thereafter, relator was granted a change of judges and the respondent was elected special judge, who overruled relator's said motion to dismiss on March 8, 1943, at the March Term, 1943, of said court and announced from the bench that he would later set said motion or suggestions for damages down for trial.

"Before any setting of said motion or suggestions for hearing was made and during the March Term, 1943, of said court, relator filed his application and suggestions for a writ of prohibition in this court May 3, 1943, and this court issued its preliminary rule the same day, which was duly served on respondent and counsel for defendant and a return thereto was duly made and filed by respondent, which did not deny the facts alleged in relator's application, and thereupon

relator duly filed his demurrer to said return, praying that the preliminary rule be made permanent.''

It will be observed that the judgment dissolving the injunction was rendered during the regular July Term, 1942, of the Circuit Court of Pemiscot County and thereafter, at the same term, defendant filed his motion or suggestions to assess damages on the injunction bond. The said July Term, 1942, adjourned to court in course, and it appears that the motion was neither submitted nor acted upon at the said term and no order made relating thereto.

The point at issue is whether or not respondent, in this situation, has the power or jurisdiction to hear and determine said motion or suggestions to assess damages on the injunction bond at the subsequent term of court.

In the case of Hoffelmann v. Franke (Mo. Sup.), 96 Mo. 533, 10 S. W. 45, the injunction was in aid of the principal suit which was heard on its merits and the injunction dissolved on the 19th day of December, 1881. Thereafter, on the 23rd of April, 1883, a motion was filed for the assessment of damages, but no notice of the motion was served on the opposite party, and the motion was denied. After discussing very briefly the holding of the court in Loehner v. Hill, 19 Mo. App. 144, the court said: ''. . . Whether it be admissible to proceed to have an inquiry of damages after the lapse of the term at which the dissolution of the injunction occurs, or not, it would certainly seem requisite after such term had gone by, to notify the opposite party of the proposed inquiry of damages before proceeding to have the same assessed.''

The case of Fears v. Riley, 147 Mo. 453, 48 S. W. 828, in discussing a motion to assess damages, referred with approval to the case of Hoffelmann v. Franke, *supra*, in the following language: ''. . . The court held that a motion to assess damages on the injunction bond must be filed at the same term at which the judgment dissolving the injunction was entered (as was done here), and came too late if filed at a subsequent term, especially where no notice of the motion was given to the plaintiff, but SHERWOOD, J., held that the court, even then should have ordered the notice given, and not have dismissed the case.'' [Moore v. Bank, 58 Mo. App. 469; Wabash R. R. Co. v. Sweet, 110 Mo. App. 100, 84 S. W. 95; Albers Com. Co. v. Spencer, 236 Mo. 608, 139 S. W. 321.]

In the case of Sutliff v. Montgomery, 115 Mo. App. 592, 92 S. W. 515, the court, in discussing a similar matter said: ''The principal claim of the plaintiff for a reversal is that under section 3639, Revised Statutes Missouri, 1899, damages on an injunction bond must be assessed at the term in which the injunction was dissolved. But such is not the law. In Loehner v. Hill, 19 Mo. App. 143, Fears v. Riley, 147 Mo. 453, Hoffelmann v. Franke, 96 Mo. 533, and in Moore v. Bank, 58 Mo. App. 469, it is held that the proceeding shall be

begun at the term during which the injunction was dissolved to assess the damages on the injunction bond, but no court has held, that we are aware of, that the damages shall necessarily be assessed at said time.''

In the case of Konta v. Stock Exchange, 150 Mo. App. 617, 131 S. W. 380, the court said: ''As we understand the rule of decision, notice is required in all cases where the damages are sought to be assessed at a subsequent term, and this is true even though the motion itself were filed at the term in which judgment dissolving the injunction was given, for natural justice requires one should be notified that a motion filed several years before was to be pressed for consideration at a given time. Besides the principle of justice which inheres in the proposition, the language of the courts in the following cases indicates such to be the law, unless plaintiff waives notice or voluntarily appears:'' (Citing cases.)

Relator contends that since the statute ''makes no provision for process or pleading nor for the time when the damages should be assessed, and the motion to assess the damages is neither a statutory nor a common-law motion, . . . it dies with the lapse of the judgment term.''

It is stated in the case of Loehner v. Hill, 19 Mo. App. 141, l. c. 144: ''The injunction in this case was dissolved upon final dismissal of the suit, and the appellants claim that the cause was out of court, when the motion to assess damages was filed. This claim is not tenable. The meaning of the statute is not that damages must be assessed *instanter*, when the injunction is dissolved, but simply that the motion to assess damages shall be made before the court, by lapse of the term, has lost the power to entertain a motion for that purpose.''

Section 1673, Revised Statutes Missouri, 1939 (Sec. 1673, Mo. R. S. A.), provides in part: ''Upon a dissolution of an injunction, in whole or in part, damages shall be assessed by a jury, or if neither party require a jury, by the court; . . .''

It is true, this statute makes no provision for process or pleading or time for the assessment. Nevertheless, in order to carry out the purpose and intent of the Legislature, it should be given a reasonable and practical construction and interpretation. It, in effect, dispenses with the necessity of a suit on the injunction bond; it is not ancillary to nor a mere after-judgment proceeding in the injunction suit, but rather assumes the nature and character of an independent action on the injunction bond, and a change of venue can be taken or an appeal granted from the judgment rendered on the motion to assess damages on the injunction bond. [Ry. Co. v. Ry. Co., 135 Mo. 549, 37 S. W. 540; State ex rel. v. Green, 76 S. W. (2d) 432; Laumeier v. Sammelmann, 218 Mo. App. 468, 279 S. W. 249.]

If the motion to assess damages on an injunction bond is filed at the term at which the injunction is finally dissolved, it is our view that

it may be continued to a subsequent term. [Sutliff v. Montgomery, *supra*; Konta v. Stock Exchange, *supra*.]

We have found no cases, neither have we been cited to any by relator or respondent that seem to be directly in point. However, a review of the foregoing cases show that a motion to assess damages on an injunction bond is well grounded in our jurisprudence and is definitely established as a part of our procedure. It is in its nature and effect a pleading which initiates a proceeding to assess damages in such cases, and .if not acted upon and no order is made with respect thereto at the judgment term it carries over to the subsequent term and may be heard at that time.

The cases heretofore reviewed do show the trend of judicial thought, and it is our conclusion, and we so hold, that the respondent in the instant case has jurisdiction and power to hear and determine the motion herein.

Therefore, it necessarily follows that the preliminary rule in prohibition heretofore issued should be quashed. It is so ordered. *Blair, P. J.*, and *Smith, J.*, concur.