**J AND P TRUST et al.,**
**Plaintiffs-Appellants,**

v.

**CONTINENTAL PLANTS CORP. and**
**Chester Potash,**
**Defendants-Respondents.**

**No. 36467.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 13, 1976.

Motion for Rehearing En Banc or
Transfer to Supreme Court
Denied Aug. 18, 1976.

Vincent E. Hartigan, Jr., St. Louis, for plaintiffs-appellants.

Bernard A. Barken, St. Louis, for defendants-respondents.

KELLY, Judge.

Appellants filed their Petition for Injunction in the Circuit Court of St. Louis County wherein they sought to restrain the respondents from selling certain items of personalty which appellants allegedly pledged as collateral to secure a loan on March 22, 1973. An order to show cause and a restraining order returnable April 5, 1973, was entered by the trial court, and appellants gave bond in the sum of $2500.00 as required by the trial court. On April 5, 1973, the return on the order to show cause was continued at respondents' request until April 26, 1973, but on April 10, 1973, respondents filed their Return to Order to Show Cause and Answer together with their Motion to Dismiss. On August 29, 1973, after a hearing on respondents' Motion to Dismiss appellants' petition and dissolve the restraining order, the trial court entered its judgment dismissing appellants' petition with prejudice and dissolving the restraining order previously issued. On September 7, 1973, appellants filed their Motion to Set Aside Judgment and Decree of August 29, 1973, and on September 21, 1973, respondents filed their Motion for Assessment of Damages on the Injunction Bond. On April 8, 1974, an evidentiary hearing on respondents' Motion for Assessment of Damages

was conducted and on May 3, 1974, respondents were awarded $2500.00 as damages on said Motion. Appellants on May 17, 1974, filed their Motion to Set Aside Judgment and Decree of May 3, 1974. On July 31, 1974, respondents filed a Motion to Strike Defendants' Motion to Set Aside Judgment and Decree of May 3, 1974, on the grounds (1) that appellants had not filed a notice of appeal from the judgment of August 29, 1973, dismissing their petition with prejudice within the ten days required by Rule 81.04 V.A.M.R. after their Motion to Set Aside said judgment and decree had been overruled pursuant to the provisions of Rule 78.04 (present Rule 78.06) V.A.M.R. and (2) the six month period within which appellants could have applied to the appellate court for an order for a special appeal as authorized by Rule 81.07 V.A.M.R. had expired without appellants having made such application. On August 20, 1974, the trial court entered a memorandum which reads: "By operation of law Plaintiff's (sic) Motion to Set Aside Judgment and Decree overruled."

On August 24, 1974, appellants filed a Notice of Appeal to this court as follows: "Notice is given that Plaintiffs' appeals (sic) from the Judgment entered in this action on the 3rd day of May, 1974." Attached to this Notice of Appeal was a paper identified as "Suggestions in Support of Appeal" which stated that this was an appeal from the judgment of the Circuit Court of St. Louis County, Div. No. 5, sustaining Respondents' Motion to Dismiss Petition and ruling that appellants were not entitled to a temporary injunction, and allowing the respondents $2500.00 damages. On August 29, 1974, the Clerk of this Court, by letter, advised appellants' counsel that the Notice of Appeal did not contain a jurisdictional statement as required by Rule 81.08(a) and that one had to be filed within ten days after the filing of the notice of appeal. On September 3, 1974, the following Jurisdictional Statement was filed:

"This is a civil action to enjoin the sale of certain goods and also for damages in which the Trial Judgment was in favor of

the defendant and against the plaintiff appellant.

This appeal is within the general appeal jurisdiction of the Missouri Court of Appeals. Article 5, Section 5 Constitution of Missouri as amended 1970."

On September 27, 1974, respondents filed their Motion to Dismiss Appeal on the ground that this court lacks jurisdiction because appellants failed to file (1) their Notice of Appeal within the time required by law and (2) a jurisdictional statement stating a valid basis for jurisdiction in this court. Respondents' Motion was taken with the case.

We dismiss appellants' appeal for the reason no timely notice of appeal was filed from the judgment of the trial court dismissing their petition with prejudice entered on August 29, 1973.

■ The timely filing of an adequate notice of appeal is a jurisdictional requirement and even in the absence of any suggestion that the notice of appeal was not timely filed, it is the duty of the Court of Appeals to determine its timeliness because it lacks appellate jurisdiction unless the notice was filed within the time prescribed by Rule 81.04, V.A.M.R. *Kuhn v. Bunch,* 529 S.W.2d 200[1] (Mo.App. 1975).

■ This record reveals that appellants did not file a timely notice of appeal from the judgment and decree of the trial court of August 29, 1973, wherein their petition was dismissed with prejudice and the temporary restraining order previously granted was dissolved. Chronologically, on September 7, 1973, the appellants filed their Motion to Set Aside the Judgment and Decree of August 29, 1973. This Motion set out grounds which appellants contended supported their position that the trial court erred in dismissing their petition but made no reference whatsoever to any error in dissolving the restraining order nor request

that it be reinstated.[1] By the filing of this authorized after-trial motion pursuant to Rule 81.05(a) V.A.M.R. the finality of the judgment of August 29, 1973, for the purpose of appeal was deferred until such time as the trial court should rule on the Motion or, if not ruled on within 90 days, the judgment became final for the purpose of appeal on the 90th day after filing, to-wit: December 6, 1973. Rule 81.05(a) V.A.M.R. The trial court did not rule on appellants' Motion so that by operation of law it was overruled on December 6, 1973, and became an appealable order as of that date. To vest this court with jurisdiction to review the judgment and decree of August 29, 1973, it was incumbent upon appellants to file their notice of appeal on or prior to December 17, 1973.[2] This they did not do. Nor have appellants, within the time allowed by Rule 81.07(a) V.A.M.R., applied to the appellate court for a special order to appeal out of time within six months after the judgment of August 29, 1973, became final for the purposes of appeal. We hold therefore that we have no jurisdiction to review the action of the trial court in dismissing appellants' petition and dissolving the restraining order.

The Notice of Appeal filed in this case with the clerk of the trial court on August 24, 1974, specifically points out that the appeal taken is from the "Judgment entered in this action on the 3rd day of May, 1974." The judgment of May 3, 1974, was a money judgment in an amount of $2500.00 awarded the respondents on their Motion for Assessment of Damages on Injunction Bond filed on September 21, 1973, following an evidentiary hearing conducted by the trial court on April 8, 1974. On May 17, 1974, appellants filed their Motion to Set Aside Judgment and Decree of May 3, 1974. This Motion is an expanded version of appellants' Motion to Set Aside Judgment and Decree of August 29, 1973, setting forth the same grounds set out therein with argu-

1. An appeal lies from an order dissolving a temporary restraining order. § 512.020 V.A. M.S., *Perseverance Common School District No. 90 v. Honey,* 367 S.W.2d 243, 246[1] (Mo. App. 1963).

2. December 16, 1973, fell on a Sunday; therefore, by Rule 44.01(a) V.A.M.R., appellants had until December 17, 1973, to file their notice of appeal.

ment and authority why the trial court erred in dismissing appellants' petition for injunction. No reference is made therein to any alleged reason why the money judgment of May 3, 1974, should not have been rendered except by inference that judgment was an outgrowth of the dismissal of appellants' petition for injunction. Respondents countered by filing their Motion to Strike Defendants' Motion to Set Aside Judgment and Decree of May 3, 1974, and the grounds stated in this Motion were, as stated above, the failure of the appellants to file a timely notice of appeal from the judgment of August 29, 1973, or to seek an order for a special appeal out of time. A hearing on these motions was held and culminated in the order of August 20, 1974, overruling appellants' "Motion to Set Aside Judgment and Decree" on the grounds that it was overruled "By operation of law."

◼ We conclude from the foregoing that appellant conceived of the judgment of May 3, 1974, as the final appealable judgment in the case from whence their right of appeal attached, and that by filing a timely notice of appeal from the judgment and decree of that date they were also appealing timely from the judgment and decree of August 29, 1973. In this conclusion they erred.

◼ A motion for the assessment of damages on an injunction bond is the proper procedure for exacting damages sustained by one who had been enjoined from doing an act after the injunction has been dissolved. In 1835 the General Assembly enacted what are now §§ 526.070, 526.200 and 526.210 V.A.M.S. (Rules 92.09, 92.11 and 92.12 V.A.M.R.) to require a bond as a condition to the issuance of a temporary injunction and the procedure to be followed for the assessment of damages should the injunction be dissolved. *R. A. Vorhof Const. Co. v. Black Jack Fire Pro. Dist.,* 454 S.W.2d 588, 596 (Mo.App. 1970). A proceeding for the assessment of damages on an injunction bond is in the nature of a new, separate and independent controversy. *Terminal Railroad Ass'n of St. Louis v. Schmidt,* 353 Mo. 79, 182 S.W.2d 79, 83[5]

(1944). It was recognized that what is now § 526.200 V.A.M.S. made no provision for any form of pleadings or the time for the assessment of damages upon the dissolution of an injunction and that the statute should be given a reasonable and practical construction and interpretation in *State ex rel. Latshaw v. Reeves,* 237 Mo.App. 812, 177 S.W.2d 537, 539[1] (1944). It was also held there that the statute dispenses with the necessity of a suit on the injunction bond; that it was not ancillary to nor a mere after judgment proceeding in an injunction suit, but rather assumes the nature and character of an independent action on the injunction bond. *State ex rel. Latshaw v. Reeves,* supra, l. c. 539[3]. ". . . A motion to assess damages on an injunction bond is well grounded in our jurisprudence and is definitely established as a part of our procedure. It is in its nature and effect a pleading which initiates a proceeding to assess damages in such cases . . ." Id. at 539–540. This right to have the damages assessed does not accrue until the injunction has been dissolved. The dissolution of the injunction is a final judgment for the purposes of appeal, § 512.020 V.A.M.S., and the filing and hearing of a motion to assess damages on an injunction bond is therefore an independent action on the injunction bond after final judgment. *Joplin State Bank v. Heaton,* Mo.App., 180 S.W. 19, 20 (1915).

Having thus misconstrued the legal effect of the final judgment entered on August 29, 1973, and viewing the Motion to Assess Damages as a continuation or extension of the original proceeding, appellants failed to file their notice of appeal from the judgment dismissing their petition for injunction and dissolving the restraining order issued at the time the action was commenced, within the time prescribed by Rule 81.04 V.A.M.R., thereby leaving this court with no jurisdiction to review the merits of the action of the trial court in that respect.

Appellants did, however, file a timely notice of appeal from the judgment of May 3, 1974, assessing damages against them on the injunction bond required by § 526.070

V.A.M.S. and Rule 92.09 V.A.M.R. On appeal, though, they have failed to brief any points directed to any error by the trial court with respect to this judgment of May 3, 1974, other than alleged errors in dismissing their petition and in dissolving the restraining order. As we have ruled, we cannot consider these for the reason we have no jurisdiction to decide that appeal from the judgment of August 29, 1973. Nothing has therefore been preserved for us to review with respect to the judgment of May 3, 1974, assessing respondents' damages and we find it necessary to dismiss appellants' appeal and affirm the judgment of the trial court.

Appeal dismissed and judgment of the trial court is affirmed.

CLEMENS, P. J., and STEWART, J., concur.