George N. Nolan, Administrator, Appellant, v. J. H. Johns et al., Respondents.

Kansas City Court of Appeals, November 7, 1887.

1.  Injunction — Condition of Bond — Damages—Case Adjudged. The conditions of the injunction bond, given in this case, are as follows : " Now if plaintiff shall abide the decision which shall be made thereon, and pay all sums of money, damages, and costs that shall be adjudged against him if the said injunction shall be dissolved, then the obligation to be null and void ; otherwise to be and remain in full force and effect." *Held,* that the " letter of the bond " is that judgment must first be rendered against the plain-·tiff, and this is a condition precedent to a liability on the part of the sureties.

2.  ——— ———— Judgment Against Sureties on Bond — Character of—Case Adjudged. — A judgment cannot be rendered summarily against the sureties on an injunction bond·. The conditions of the bond do not warrant it ; there is no statutory authority for it ; and it is not in accordance with the established rules of chancery practice. Neither can a judgment be rendered against the sureties, in any proceeding, until after a judgment has been taken against the principal, as provided by statute. The sureties are not liable, except upon the bond, after a breach thereof, and there is no provision of law authorizing an enforcement of that liability, except by a direct proceeding upon the bond. It will not do to render judgment against the plaintiff (principal) and sureties together, at one and the same time, in the first instance ; for the sureties are not liable until after judgment against the plaintiff and his refusal to pay. A judgment cannot be rendered against a party on a contract which has not yet been violated, and on which a suit cannot yet be maintained. But, after breach, the plaintiff can be sued, jointly with the sureties, and a joint judgment had.

Appeal from Johnson Circuit Court, Hon. Noah M. Givan, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion of the court.

R. O. BOGGESS and T. A. FRANK JONES, for the appellant.

I. There was no evidence, on the trial of the motion to dissolve, that the separate security for the Reed note was not sufficient to pay it off, and the finding to that effect, and the judgment dissolving the injunction, were erroneous.

II. The court below had no legal right to proceed with the Nolan case after he ceased to be a proper and necessary party, without bringing his successor into court, by proper process, as he did not voluntarily appear.

III. The court below erred in its assessment of damages in this : That part of the property, not sold by reason of the injunction, was placed in the hands of a receiver, with order of sale, etc.; a portion thereof was sold, and the proceeds thereof were in the hands of the receiver, an officer of the court, subject to the order of the court, which proceeds stood in the place of said property, which the court should have appropriated on the Jones debt, before its assessment of damages ; another portion of said property remained undisposed of, and subject to the deed of trust of the respondent (Jones) when the injunctions were dissolved; yet the court below allowed, as part of respondent's damages, the whole amount of his debt. This was manifestly erroneous; the plaintiffs in these cases had neither destroyed nor converted this property, and they could not lawfully be required to pay or account for the same.

IV. The findings of facts, and judgments of the court below, are manifestly erroneous in this : whereas, it is alleged by defendants (respondents) in their pleadings, that the mortgaged property was largely inadequate and insufficient to pay respondent's debts, yet the court below allowed, as a part of the damages assessed, the whole amount of the debt, to respondent, Jones. The court below manifestly erred in this : that in its assess-

ment of damages, it took no account of, and gave no thought to, the mortgaged property, by which defendant's note was secured, but assessed the whole of defendant's (Jones') debt as part of the damages, while part of the security remained undisposed of—unexhausted. This, it seems to us, is enough to show with what haste and want of consideration the court below proceeded.

V. It is plain, from the whole record in this case, that the judgments rendered by the court below are radically erroneous. The first injunction granted in the suit of Nolan, and the subsequent extension and enlargement thereof, worked all the mischief of which defendants complained; so that the subsequent similar suit of Coates could not, and did not, work any injury, hence no judgment could be rightfully rendered against the bondsmen, in the Coates suit, beyond the necessary and proper expense of defending the same.

VI. When the court below made its finding of facts and rendered its judgments, the conditions of the bond for injunction had not been forfeited.

VII. How could the court below render judgment against the bondsmen without previously rendering judgment against plaintiff, according to the conditions of the bond? The court had only such jurisdiction of the sureties on the injunction bond as was given to it by the terms of the bond itself. By the terms of the bond in the Nolan case, the sureties were only liable for such sums of money, damages, and costs, as should be adjudged against the plaintiff, Nolan; but no judgment was given against Nolan, and, therefore, a judgment against the sureties is erroneous. *Dorris v. Carter*, 67 Mo. 544.

VIII. In the Coates case, as well as in the Nolan case, judgment is erroneously given against the surety on the injunction bond, while no judgment is given against the principal.

GRAVES & AULL and J. D. SHEWALTER, for the respondents.

I. The evidence upon the trial of the motions to dissolve, clearly and unquestionably established the fact that Sophronia Reed owned an undivided half interest in the livery-stable and stock at the time it was purchased by Johns and Gordon. The evidence beyond controversy established the fact that subsequently to the granting of the restraining order, and prior to the trial of the motions to dissolve the injunction, lots six and nine, with the two stables thereon, were sold under a prior deed of trust; that the house and lot included in the Sophronia Reed deed of trust was not worth more than from three hundred to five hundred dollars; that but for the injunction, lots six and nine and said house and lot would have paid the debt.

II. The court properly assessed the damages in the two cases according to the circumstances of the case, and according to the damage caused by each injunction. *Kennedy's Administrator v. Hammond*, 16 Mo. 341; *City of St. Louis v. Alexander*, 23 Mo. 522; *Riddelsbarger v. McDaniel*, 38 Mo. 141; *Meysenburg v. Schelriper*, 48 Mo. 426; s. c., 48 Mo. 440; *Dorris v. Carter*, 67 Mo. 545.

III. The court properly rendered judgment upon the motions to assess damages against the obligors upon the injunction bonds. 1 Rev. Stat., 1879, p. 455, sects. 2710–11–12–13; *Dorris v. Carter*, 67 Mo. 545. The defendant, if he had sued upon the injunction bond, could have dismissed as to the principal; and taken judgment against the securities. *Dorris v. Carter*, 67 Mo. 545. The appellant's stipulation contains the following: "It is agreed that the entire damages caused by the injunctions in the two cases were assessed by the court, and were by the court apportioned between the two said cases, according to the amount of damages caused by each injunction. Such was the

agreement of record; and while the record does not show the fact (yet nevertheless such is the case), and we take it appellant will not controvert it, that the apportionment was made at the request of appellant. Respondent, in his motion for assessment of damages, did not claim, and the court did not assess, the whole of respondent's debt as damages. The damages caused by the injunctions only were assessed. The court deducted from the amount of respondent's debt the value of the remaining security.

IV. Nolan was in court, and took part in the trial of the motions to dissolve the injunction, and the court, upon said motions, gave judgment that the injunction be dissolved, and the petitions dismissed. After this judgment was rendered, it is claimed that Nolan ceased to act as administrator, but this had been claimed before. *Kronski v. Railroad*, 77 Mo. 368; *Barnes v. McMullins*, 78 Mo. 277; *Jones v. Moore*, 52 Mo. 118.

V. In the Coates case plaintiff was in court throughout the entire trial, and entered into the stipulation that the damages were properly assessed. Judgment on the motion to assess damages was rendered against Coates and the securities on his injunction bond.

ELLISON, J.—This action was brought by plaintiff as administrator of the estate of I. H. Reed. The following statement is sufficient for an understanding of the case so far as concerns the points we deem material to consider :

Johns & Gordon, on May 28, 1883, made their note for $1,892.50 in favor of Sophronia Reed, and secured it by a chattel mortgage upon the stock of two livery-stables and by a deed of trust upon the two stables and another house and lot in Higginsville, Missouri. Subsequently, J. H. Johns made his note for $1,892.50 to the administrator of I. H. Reed's estate, and secured it by a mortgage upon an undivided one-half of the same

livery-stables and stock. In February, 1884, O. A. Jones, claiming to own the Sophronia Reed note, by assignment, advertised the livery stock for sale under the chattel mortgage given to secure that note. This suit was brought to enjoin this sale, and the injunction was asked on two grounds: (1) because the Sophronia Reed note belonged to the plaintiff, as the administrator of I. H. Reed, and not to O. A. Jones; and (2) because the owner of this note, whoever he was, ought to be required to first resort to his separate security. A temporary injunction was granted. In March, 1884, O. A. Jones advertised the two livery-stables and the other house and lot in Higginsville for sale under the deed of trust given to secure the Sophronia Reed note. Nolan thereupon applied for and obtained an extension of the restraining order already given so as to enjoin this sale.

This injunction was dissolved after a hearing before the trial court. At the same term a motion for rehearing was filed by the plaintiffs, and a motion to assess damages by O. A. Jones. At the next term attorneys appeared for the sureties on Nolan's injunction bond, and informed the court that Nolan's letters of administration had been revoked by the probate court of Jackson county, Missouri, since the last term. The court, thereupon, ordered that the name of Harmon Bell be substituted for that of Nolan, as plaintiff, although Harmon Bell was not in court, either by attorney or by service of process; overruled the motion for rehearing on the motion to dissolve; and proceeded at once to try the motion of O. A. Jones for the assessment of damages. Judgment was given for $1,729.68, and Nolan being no longer plaintiff, and Bell his successor, who had been substituted as plaintiff, not being in court, the judgment was given against the sureties only. The conditions of the injunction bond are as follows: "Now, if plaintiff shall abide the decision which shall be made thereon, and pay all sums of money, damages and costs that shall

be adjudged against him if the said injunction shall be dissolved, then the obligation to be null and void; otherwise to be and remain in full force and effect." The "letter of the bond" is that judgment must first be rendered against the plaintiff, and this is a condition precedent to a liability on the part of the sureties. As this was not done in this case it will for that reason be remanded. *Dorris v. Carter*, 67 Mo. 544; High on Injunction, sects. 1635, 1640.

As the cause is to be remanded, it is proper to give our view on another point appearing here by the record, and which will arise in subsequent proceedings. It is our opinion that had the judgment included the plaintiff with the sureties, it would still not be good. A judgment cannot be rendered summarily against the sureties on an injunction bond. It is not so especially agreed in the bond, there is no statutory authority for it, and it is not in accordance with the established rules of chancery practice. Neither can a judgment be rendered against the sureties in any proceeding, summary or otherwise, until after a judgment has been taken against the plaintiff as provided by statute. The condition of an injunction bond is, that the *plaintiff* will pay all sums of money, damages, and costs, that shall be adjudged against him. Rev. Stat., sect. 2710. The damages referred to in this condition, as being such as the plaintiff must pay, are to be assessed by a jury (sect. 2712), that is, assessed by a jury against the plaintiff. There is no authority for assessing them against the sureties, but they must be adjudged against the plaintiff, and if then he fails to pay them, the condition is broken, and the sureties must respond. The sureties are not liable except upon the bond after a breach thereof, and there is no provision of law authorizing an enforcement of that liability except by a direct proceeding upon the bond.

This view of the statute, we think, we may fairly infer is held by the Supreme Court. *Dorris v. Carter*,

*supra.* But if we are mistaken in drawing this inference from that case, our opinion is fortified by other authority. Such summary proceeding on the dissolution of an injunction is not within the power of a court of equity in the absence of special legislation. High on Injunction, sect. 1657. It was not the practice of the English High Court of Chancery. *Bein v. Heath,* 12 How. 168.

As seen above, our statute does not provide for such remedy against the sureties. There is no reason in the contention that it does. The language of the condition is, that the sureties will pay the damages which "shall be adjudged against him," the plaintiff. There must, therefore, be a judgment against the plaintiff for the damage before there is breach of the sureties' contract. In this case the judgment was rendered against the sureties on a bond that had not been broken. It will not do to render judgment against the plaintiff and sureties together at one and the same time in the first instance, for the sureties are not liable till *after* judgment against the plaintiff and his refusal to pay. A judgment cannot be rendered against a person on a contract which has not yet been violated and on which a suit cannot yet be maintained. As was said in *Brownfield v. Brownfield* (58 Ill. 152), there must be a breach *in fact before* the institution of the suit. After this breach, which is the foundation of the suit on the bond, the plaintiff, being one of the obligors, can, of course, be sued jointly with the sureties and a joint judgment had. We are content with the action of the court in dissolving the injunction, but think Nolan's successor should be in court before proceeding to adjudge damages, etc.

The judgment assessing damages, for the reasons herein given, is reversed and the cause remanded. All concur.