Kersey Coates, Assignee, Appellant, v. Ben Elliott et al., Respondents.

Kansas City Court of Appeals, November 7, 1887.

Case Adjudged—Nolan v. Johns Affirmed.—An examination of the evidence in this cause has led the court into an acquiescence in the finding of the trial court, dissolving the injunction. But under the view taken in the case of *Nolan v. Johns* (*ante*, p. 502), the judgment in this case, having been rendered summarily against the sureties and that, too, before their liability had accrued, it will, as to the damages, be reversed and the cause remanded.

Appeal from Johnson Circuit Court, Hon. Noah M. Givan, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

R. O. Boggess and T. A. Frank Jones, for the appellant.

Graves & Aull and J. D. Shewalter, for the respondents.

Ellison, J.—This is an injunction proceeding concerning the same property in the case of *Nolan, Adm'r, v. Johns et al.* (*ante*, p. 502), and was heard by the court upon the same evidence and at the same time with that case. The petition alleged that plaintiff, as assignee of the Mastin Bank, held a claim against the estate of I. H. Reed of whose estate Nolan, the plaintiff in the other case, defendant in this, was administrator; that the note for $1,892.50 to Sophronia Reed was fraudulent, or, if valid, it belonged to Isaac H. Reed. By the prayer of his petition he asked that said note be declared the property of I. H. Reed, and that

the property be sold and proceeds turned over to Nolan, administrator, to be administered as assets of said I. H. Reed's estate; afterwards, and before the dissolution of the injunction, the two lots with the stables thereon were sold under a prior deed of trust, and owing to complications and litigation over the title thereto, caused as alleged by these injunctions, no one would bid sufficient to pay off the same and the property was bought in by Young, the beneficiary, under the prior deed of trust; Coates having restrained the sale of the real estate, the court required no new bond upon the extension of Nolan's injunction, excepting a nominal bond signed by Nolan. The evidence tended to show that, at the time the sales were restrained, lots six and nine, upon which the "Red" and "Layne" stables were situated, were worth and would have sold for thirty-two hundred dollars; the one for two thousand dollars, and the other for twelve hundred dollars; that the stock in the stables was worth, and would have sold for fifteen hundred dollars to twenty-two hundred dollars. The injunction was dissolved.

The following stipulation was made by the parties to both cases:

"It is hereby stipulated and agreed, that, inasmuch as both the motion to dissolve and the motion to assess damages in the above cause was tried at the same time, and along with the cause in said court, in which George N. Nolan, administrator, was plaintiff, and J. H. Johns *et al.*, were defendants, and the same evidence was heard in both cases; that the report of the testimony set out and called for in the bill of exceptions in this latter case, filed in this court at the same time with the bill of exceptions, shall be considered and may be used as the evidence upon appeal in the same manner as if it had been set out in full herein. It is further agreed that the entire damage caused by the injunction in the two cases was assessed by the court on the joint trial of said cases in one gross sum, and this gross amount was, by

the court, apportioned between the two said cases according to the amount of damages caused by each injunction."

On dissolution of the injunction a motion for damages was filed and continued to the next term. At the next term it was suggested and shown to the court that, since the last term, defendant, Nolan, administrator, had been discharged from his administration and that Harmon Bell had been duly appointed his successor. The court proceeded with the trial as to the damages claimed without bringing in Bell, the successor to Nolan. Damages were assessed at $1,153.12, and a joint judgment rendered therefor against the plaintiff and the sureties on the bond. It appears that plaintiff did not execute the bond, but that it was executed by another as principal, and against this principal no judgment was taken.

An examination of the evidence in the cause, and it is quite lengthy, has led us into an acquiescence in the finding of the trial court dissolving the injunction.

Under the view taken in the case of *Nolan v. Johns et al.*, the judgment in this case having been rendered summarily against the sureties, and that, too, before their liability had accrued, it will, as to the damages, be reversed, and the cause remanded. On a retrial of the question of damages it would be well to bring Nolan's successor into court, and thus save all question as to the propriety of the proceeding. All concur.