THE WABASH RAILROAD COMPANY, Appellant, v. T. B. SWEET, Respondent.

Kansas City Court of Appeals, December 19, 1904.

INJUNCTION: Assessment of Damages: Notice: Jurisdiction. Where upon the trial a temporary injunction is dissolved and the plaintiff appeals and the judgment is affirmed, the circuit court has jurisdiction to assess the damages at its next term after such affirmation, on the motion of the defendant with due notice thereof to the plaintiff.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Geo. S. Grover* and *D. C. Allen* for appellant.

*D. C. Allen, pro se.*

(1) What is the meaning of the initial word, "upon," of section 3639, R. S. 1899? Among the meanings in the best lexicons are these: When, at the time of, on occasion of, in the sense of time; noting the time when an event came or is to come to pass. Universal Dictionary; Webster's Unabridged Dictionary; Anderson's Law Dictionary. The Queen's Bench expressly decides that the words "upon his ad-

mission," mean at the time, and not within a reasonable time after. Regina v. Humphrey, 10 Adolphus and Ellis, 121 (Am. Ed.). (2) The judgment dissolving the injunction was rendered by the circuit court immediately after the court's opening (pursuant to its adjournment of the previous evening), at 8:30 o'clock a. m., on March 4, 1903. The court remained open for the transaction of business—and did transact business —for five or six hours thereafter, before final adjournment for the term. The railroad company transacted business in that time, taking the necessary orders for an appeal in the case. He can not plead as an excuse for not filing one that the railroad company appealed. An appeal could not cut him out of his right to his motion. The appeal, in such case, would have suspended action on the motion until the case should be finally determined. Our Supreme Court expressly so decides. Railroad v. Railroad, 135 Mo. 554. (3) The meaning of section 3639, R. S. 1899, is not that damages must be assessed *instanter,* when the injunction is dissolved, but simply that the motion to assess damages shall be made before the court, by lapse of the term, has lost the power to entertain a motion for that purpose. (4) There could in no case, after the lapse of a term or more, be a redocketing without notice. Asher v. Railroad, 81 S. W. 678; Roberts v. Land Co., 126 Mo. 470; Loehner v. Hill, 19 Mo. App. 142; Campbell v. Carroll, 35 Mo. App. 645; Neiser v. Thomas, 46 Mo. App. 50; Moore v. Bank, 58 Mo. App. 470; Hoffelman v. Franke, 96 Mo. 533; Fears v. Riley, 147 Mo. 457.

*Nearing & Townsend* for respondent.

(1) The court had jurisdiction to hear and determine the motion to assess damages. Neiser v. Thomas, 46 Mo. App. 47; Moore v. Bank, 58 Mo. 469. (2) Judgment should be affirmed because no motion for a new trial was filed.

BROADDUS, J.—This case was here before on appeal—see S. W. Rep. 77, p. 123. The sole object of the suit was to enjoin defendant from prosecuting a certain action against plaintiff in the Jackson county circuit court. On March 4th, 1903, the cause was heard in the Clay circuit court on demurrer to plaintiff's petition, the demurrer was sustained, and the temporary injunction theretofore issued was dissolved. The judgment was as follows: "It is therefore ordered, adjudged and decreed by the court that the temporary injunction granted by the judge of this court on the 10th day of January, 1903, be and the same is hereby dissolved, and that the writ of injunction issued thereon be quashed; and that for want of equity therein plaintiff's petition be dismissed, and the defendant go hence without day, and recover of the plaintiff and its sureties on the injunction bond herein, viz: J. M. Allen and D. C. Allen, his costs and charges in this behalf expended, and have thereof execution." The plaintiff at the same term perfected its appeal to this court. At the October term of this court for said year the cause was affirmed. At the February term of said Clay county circuit court for the year 1904 on motion of defendant the cause was redocketed, at which term he filed his motion for assessment of his damages on the injunction bond. Notice was duly given to plaintiff of the filing of said motion. At the April term, next thereafter, the plaintiff appeared and moved to dismiss the motion on the ground that the court was without jurisdiction to try the same. The motion was overruled, damages assessed against plaintiff and its securities, whereupon plaintiff and said securities appealed.

The only question before the court is one of jurisdiction in said circuit court. The contention of plaintiff is that, defendant should have filed his motion to assess his damages at the same term when the judgment was rendered dissolving the injunction and dis-

missing the petition, and when final judgment was rendered against defendant and his securities for costs.

Section 3639, Revised Statutes 1899, reads: "Upon the dissolution of an injunction, in whole or in part, damages shall be assessed by a jury, or if neither party require a jury, by the court," etc. It is insisted that plaintiff's appeal of the case did not cut defendant out of his right at the time to file his motion to assess damages—that the appeal would only have had the effect to suspend a hearing thereon. It has been held that where there has been an appeal from a judgment dismissing a bill and dissolving the temporary injunction, the proceedings for an injunction should be treated separately from that for damages. That is, they should be considered as independent cases. [Railroad v. Railroad, 135 Mo. 554.] In that case attention was called to Cohn v. Lehman, 93 Mo. 584, where it was expressly held that an action for damages on an injunction bond could not be maintained until a final decree had been rendered in the cause in which the bond was given, and that a judgment from which an appeal was taken without supersedeas was not final until the appeal had been disposed of. By this ruling the contrary holding in Railroad v. Burger, 32 Mo. 578, was overruled. In the first case mentioned—13 Mo. 554, supra—it was determined that, "an appeal may be taken from an order dissolving an injunction while a motion for assessment of damages on the injunction bond is pending, the effect of the appeal being to suspend the action on the motion until the determination of the appeal."

In Moore v. Bank, 58 Mo. App. 469, the court held that, "damages arising on the dissolution of an injunction must be assessed during the term at which the matter is finally disposed of in the circuit court," except in case there is an appeal from the final order of dissolution. The court cited with approval Neiser v. Thomas, 46 Mo. App. 47, where it was held: "When the

circuit court, on the final hearing of a cause, dissolves a temporary restraining order made by it therein, and the plaintiff in the cause thereon appeals from the judgment, the motion for the assessment of damages on the injunction bond may be made by the defendant on the affirmance of the judgment by the appellate court," after due notice of the motion to the plaintiff. It was held in Hoffelmann v. Franke, 96 Mo. 533, that, "an assessment of damages caused by a temporary injunction should be made at the same term at which the dissolution of the injunction occurs;" and that, "when an injunction *pendente lite* has been dissolved on final hearing, a motion for the assessment of damages caused thereby, when made at a subsequent term and without notice to the adverse party, should be denied." But it must be remembered that there was in that case no appeal from the final judgment dissolving the injunction and dismissing the bill. It was a final disposition of the case, and there ought to be no contention that in such instances the motion to dissolve the injunction ought to be filed at the same term in which the final judgment is rendered.

From the foregoing authorities we conclude it is the law that in cases of the kind under consideration where an appeal has been taken from a final judgment dissolving the injunction and dismissing the bill the motion to assess damages on the injunction bond may be filed upon the affirmance of the judgment by the appellate court. And upon proper notice to plaintiff and his securities the defendant may have his damages assessed on the bond.

The plaintiff seems to attach much importance to the failure of defendant to give notice of his application to redocket the case and to file his motion to assess damages. It was immaterial whether the case was redocketed or not, until the motion was filed. The purpose of putting a case upon the docket is that it may be heard in its order. It has no other significance. The

mere fact that the case was redocketed did not affect plaintiff's rights one way or the other. After proceedings, of which plaintiff and his sureties had due notice, were alone important. As defendant filed his motion to assess his damages the following term next after a final determination of the case in the appellate court, he substantially complied with the statute.

Affirmed. All concur.