ALEXANDER KONTA, Plaintiff, JOSEPH A. DUFFY, Appellant, v. ST. LOUIS STOCK EXCHANGE et al., Respondents.

St. Louis Court of Appeals, October 24, 1910.

1. **NOTICE: Jurisdiction: Over Person: Proceedings After Final Judgment.** A party over whom a court has obtained jurisdiction must take notice of all proceedings in the cause until final judgment, but, after judgment, he is not before the court, and must have notice of any subsequent proceeding affecting his rights.

2. INJUNCTIONS: Assessment of Damages: Notice to Adverse Party Necessary. A judgment dissolving an injunction is final, and .a judgment assessing damages on the injunction bond may not thereafter be rendered, without notice of such proceedings being given the plaintiff.

3. ————: Principal and Surety: Liability of Surety: Judgment Against Surety, Without Notice. A surety in an injunction bond is a party to the record so as to authorize a judgment against him for damages on the breach of the bond, and, where the plaintiff in the injunction suit, who is also the principal in the bond, has due notice of the proceedings to assess damages on dissolution of the injunction, a judgment may be given against the surety, without notice to him.

4. ————: ————: ————: Judgment Against Principal Prerequisite. Under section 3637, Revised Statutes 1899, providing that an injunction bond shall be conditioned that plaintiff will abide the decision and pay damages adjudged against him on dissolution of the injunction, the liability of a surety on an injunction bond does not attach on dissolution of the injunction, unless there is an adjudication of the damages against, and a non-payment thereof by, plaintiff in the suit, and judgment may not be given for damages against the surety, unless a judgment is had against plaintiff in the suit.

5. NOTICE: Injunctions: Assessment of Damages: Proceedings After Final Judgment: Service on Attorney: Statute. Section 586, Revised Statutes 1899, authorizing service of notice on the party or his attorney, does not authorize service of notice on an attorney of a motion for an assessment of damages on an injunction bond, after final judgment, and service of such a notice on the attorney for plaintiff is ineffectual in the absence of evidence indicating the continuance of the relation of attorney and client.

6. ————: Service on Attorney: Common Law Rule. The common-law rule that notice to an attorney of record is notice to his client applies only to notices arising in the progress of a cause, or as to other matters in which the relation of attorney and client exists when the notice is given, and one relying on notice to an attorney after final judgment must affirmatively show that the attorney still represented the client.

7. INJUNCTIONS: Assessment of Damages: Notice to Adverse Party Necessary: Filing of Motion Not Sufficient Notice. The fact that a motion to assess damages on an injunction bond was filed at the term at which the injunction was dissolved, and before plaintiff filed his motion for a new trial, which motion to assess damages was ordered off the law docket and not acted upon until a subsequent term, several years afterwards, did not dispense with notice to plaintiff that such motion would be pressed for consideration at such subsequent term.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster*, Judge.

REVERSED AND REMANDED.

*E. W. Banister* for appellant.

(1) The court erred in permitting the introduction of any evidence or allowing a hearing on the motion to assess damages on the injunction bond without bringing in Konta by notice. The notice to Tenbroek was not notice to Konta. After the lapse of the term at which the dissolution of an injunction occurs, notice to the opposite party of a motion to assess damages is necessary. Roberts v. Imp. Co., 126 Mo. 460; Hoffelman v. Franke, 96 Mo. 534; Smith v. Kander, 85 Mo. App. 35; Jackson v. Fulton, 87 Mo. App. 238; Wilson v. Russler, 91 Mo. App. 274.

*Robert & Robert* for respondents.

(1) Konta was duly served by notice. The notice to Tenbroek, who was Konta's attorney, was notice to Konta. It is not necessary that the principal in this bond be brought in for the reason that the principal Konta and Joseph A. Duffy, appellant herein, bind themselves, their heirs, executors and administrators jointly and severally. But Konta appeared and by his agent Duffy took an appeal at the first trial of this cause, so that after all Konta really was in. Sutliff v. Montgomery, 115 Mo. App. 592; Fisse v. Einstein, 5 Mo. App. 78; Fears v. Riley, 147 Mo. 453; Dorris v. Carter, 67 Mo. 544; R. S. 1899, sec. 889.

NORTONI, J.—This is a proceeding for an assessment of damages against plaintiff and his surety on an injunction bond. The jury awarded defendant a recovery in the amount of five hundred dollars and the surety on the bond prosecutes the appeal.

It appears that plaintiff Konta sued out an injunction against defendant in 1902 and Joseph A. Duffy became surety on the injunction bond. On a hearing, final judgment was given by which the injunction was dissolved, and defendant thereupon, during the same term of court, filed its motion for an assessment of damages on plaintiff's bond in accordance with the provisions of our statute (sec. 3639, R. S. 1899; sec. 3639, An. St. 1906), but this motion was not disposed of for several years thereafter because of the fact that plaintiff prosecuted an appeal in the injunction suit to the Supreme Court. The Supreme Court afterwards affirmed the judgment of the circuit court by which the injunction was dissolved, and in due time thereafter the motion for an assessment of damages on the bond was set down on the docket of the circuit court for consideration. Plaintiff Konta was not personally notified, however, of the fact that the motion to assess damages against himself and the surety on the bond would be taken up. It is said that Konta no longer resides within the jurisdiction of the court and the notice was, therefore, served upon one of his attorneys, who had signed the petition in the injunction proceeding.

The surety alone prosecutes the present appeal and urges that no judgment may be given against him in this summary proceeding on the bond, for the reason no breach thereof has been judicially declared against plaintiff Konta, the principal therein. The argument predicates on the fact that Konta was not personally notified of the present proceeding, and it is said notice served upon his attorney of record in the injunction suit is insufficient in the circumstances of the case. We believe the argument to be sound, for the reason that such after-judgment motions as that involved here are not to be considered by the court, in the absence of notice to the adverse party. It is the accepted rule that a party over whom a court has

obtained jurisdiction must take notice of all proceedings in the cause until final judgment is rendered therein; but, after judgment, he is not regarded as being before the court and should have notice of any subsequent proceedings which affect his rights. [Roberts v. St. Louis Merchants' Land, etc., Co., 126 Mo. 460, 469, 29 S. W. 584; Smith v. Kander, 85 Mo. App. 33; Jackson v. Fulton, 87 Mo. App. 228, 238; Laun v. Ponath, 91 Mo. App. 271.] And, of course, the rule obtains with full force as to a plaintiff who is the principal obligor in an injunction bond. [Hoffelmann v. Franke, 96 Mo. 533, 10 S. W. 45; Wabash R. Co. v. Sweet, 110 Mo. App. 100, 84 S. W. 95.] The judgment dissolving the injunction in the present instance was final in every respect as it disposed of the entire cause on its merits as well. For its affirmance, see Konta v. St. Louis Stock·Exchange, 189 Mo. 26, 87 S. W. 969.

There can be no doubt that, by voluntarily executing the bond, the surety becomes a party to the record so as to authorize the court to thereafter give a judgment against him for damages on the breach of the bond. [Loehner v. Hill, 19 Mo. App. 141; Fears v. Riley, 147 Mo. 453, 48 S. W. 828; St. Louis Zinc Co. v. Hesselmeyer, 50 Mo. 180; Nolan v. Johns, 108 Mo. 431, 18 S. W. 1107.] And it has been decided, too, that if the plaintiff in the injunction suit and principal in the bond has due notice of the proceedings to assess damages thereon, a judgment may be given against the surety as well, without notice to him, for the reason that by voluntarily becoming a party to the record he consents to be concluded by such proceedings as are had with due notice against his principal. [Sutliff v. Montgomery, 115 Mo. App. 592, 92 S. W. 515.] For a ruling to the same effect as to the sureties on a cost bond without notice to them, see Schawacker v. McLaughlin, 139 Mo. 333, 40 S. W. 935. But be this as it may, the rule is established in this state to the effect

that no judgment may be given for damages against the surety on the injunction bond unless one be had as well against the plaintiff in the injunction suit who is principal in the bond.

The injunction bond before us is one authorized by and in conformity with section 3637, Revised Statutes of Missouri 1899, section 3637, An. St. 1906. The Supreme Court has construed the obligation of such bonds to be restricted to a liability on the part of the surety which is first ascertained and adjudged against the principal in the bond. Indeed, the authorities go to the effect that until there is an adjudication of the damages against and a non-payment thereof by the principal, or plaintiff in the injunction suit, there is no breach of the bond which may be enforced against the surety. [Dorriss v. Carter, 67 Mo. 544; Nolan v. Johns, 27 Mo. App. 502; Coates v. Elliott, 27 Mo. App. 510; Joyce on Injunctions, section 245; 16 Am. and Eng. Ency. Law (2 Ed.), 451, 461.]

In affirmance of this doctrine, the courts have denied a recovery against the surety both in a suit on the bond and by the summary process of motion as here, when it appeared a breach of the bond was not established by a judgment against the plaintiff in the injunction suit. For an application of the doctrine in a suit on the bond, see Dorriss v. Carter, 67 Mo. 544. For a denial of the sureties' liability by an application of the same doctrine on a summary motion for an assessment of damages in the circumstances above indicated, see Nolan v. Johns, 27 Mo. App. 502; Coates v. Elliott, 27 Mo. App. 510. From what has been said, it is obvious that the judgment for damages against the surety may not be sustained, unless there be a judgment as well against the plaintiff in the injunction suit, for until a valid judgment is entered against the principal in the bond, there is no breach for which the surety may be required to respond.

As before stated, a recovery on such an after-judg-

ment motion may not be allowed against the plaintiff in the injunction suit without due notice affording him an opportunity to be heard, for the rule as to constructive notice ceased to act when the final judgment dissolving the injunction was given. No personal notice to plaintiff appears and that relied upon as authorizing the after-judgment proceeding against him is the service of a written notice in the proper form on an attorney of record in the injunction suit, which was finally disposed of a long time before the hearing on the present motion. There is not a word in evidence indicating that the relation of attorney and client continued to exist between the plaintiff and the gentleman upon whom the notice was served as his attorney. Our statute (section 586, Revised Statutes 1899, section 586, An. St. 1906) authorizes the service of notices on the party or his attorney. But it is obvious the Legislature did not intend that service of notice on an attorney with respect to such an after-judgment motion on which a substantial recovery in damages is sought should be equivalent to personal service, when nothing indicated the relation of attorney and client continued to exist between the parties. To construe the statute as authorizing service on a party in such circumstances would judicially countenance a rule affording a means and an end to the perpetration of fraud. We are pleased to note that counsel do not insist upon an interpretation so fraught with possibilities of evil consequences. Apart from the statute, at common law, the rule obtains to the effect that notice to an attorney of record is notice to his client, but this rule applies only to notices arising in the progress of a cause or as to other matters in which the relation of attorney and client existed at the time the notice was given. [3 Am. and Eng. Ency. Law (2 Ed.), 320, 321; Wade on Notices, sections 1321, 1322, 1323.] However, as to matters pertaining to litigation, the presumption is that, except for the purpose of receiving notice of ap-

peal or of a similar proceeding for review in the particular suit, the relation of attorney and client ceases to exist when final judgment is given. And if one relies upon notice to an attorney in those circumstances, he must affirmatively show that the attorney continues to represent the client to whom notice is thus sought to be conveyed.

In Grames v. Hawley, 50 Fed. Rep. 319, it was ruled that an after judgment notice to an attorney of a motion to set aside the judgment is not notice to the client in the absence of an affirmative showing that the relation of attorney and client continued between the parties. See, also, Swift v. Allen, 55 Ill. 309; Pulitzer Pub. Co. v. Allen, 134 Mo. App. 229, 231, 113 S. W. 1159; Kamm v. Stark, 1 Sawyer 547; Wade on Notices, section 1323. The doctrine as to the presumption of the law with respect to notice of after-judgment proceedings served on an attorney is thus stated in 3 Am. and Eng. Ency. Law (2 Ed.), 322:

"The presumption of law being that relation between an attorney and his client ceases with the termination of the litigation for which the attorney was retained, no notice to him after final judgment is binding on his client, except notice of appeal or of a similar proceeding in that particular suit."

It not appearing that the relation of attorney and client continued to exist between plaintiff and his former attorney of record on whom the notice was served, the presumption goes to the effect that the relation ceased when the judgment of the Supreme Court was given affirming the dissolution of the injunction. In these circumstances, it is obvious no notice that the motion to assess damages would be pressed for consideration was given to plaintiff, and therefore no breach of the bond has been judicially established against him for which the surety may be required to respond.

But it is argued, as the motion to assess damages was filed during the term at which final judgment was

given, dissolving the injunction and prior to the filing of the motion for a new trial by plaintiff, it is clear that he had notice of the filing of the motion, for he was in court thereafter, as appears by the record disclosing the filing of his motion for a new trial on the following day. It is true the motion to assess damages was filed during the term and before plaintiff's motion for a new trial, but it was ordered off of the law docket and permitted to slumber for several years while the case was pending on appeal in the Supreme Court. In these circumstances, we understand the rule requiring notice to obtain; for how could plaintiff know defendant intended to insist upon his motion filed several years before or when it would be urged for consideration? The fact that counsel for defendant caused a notice to be served on the attorney who signed the injunction petition indicates they understood the law required notice to plaintiff that the motion for damages would be called for consideration. As we understand the rule of decision, notice is required in all cases where the damages are sought to be assessed at a subsequent term, and this is true even though the motion itself were filed at the term in which judgment dissolving the injunction was given, for natural justice requires one should be notified that a motion filed several years before was to be pressed for consideration at a given time. Besides the principle of justice which inheres in the proposition, the language of the courts in the following cases indicates such to be the law, unless plaintiff waives notice or voluntarily appears: Hoffelmann v. Franke, 96 Mo. 533, 10 S. W. 45; Wabash R. Co. v. Sweet, 110 Mo. App. 100, 84 S. W. 95.

For the reasons stated, the judgment should be reversed, but we believe the ends of justice require that the cause be remanded that notice may be had on the principal obligor on the bond. It is so ordered. All concur.