Louis SCHWARZE and Bernice Schwarze,
his wife (Plaintiffs) Respondents,

v.

MAY DEPARTMENT STORES, d/b/a
Famous-Barr Company (Defendant)
Appellant.

No. 30899.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1962.

Motions for Rehearing or to Modify Opinion
or to Transfer to Supreme Court
Denied Oct. 15, 1962.

Dearing, Richeson & Weier, Samuel Richeson, Hillsboro, for appellant.

Earl R. Blackwell, Hillsboro, for respondents.

## HARRY A. HALL, Special Judge.

This is an action for malicious prosecution of a civil action wherein plaintiffs had judgment for $250 actual damages and $10,000 punitive damages against defendant May Department Stores, d/b/a Famous-Barr Company, from which judgment the defendant has appealed.

The suit is based upon the filing of a second suit on an account owed by the plaintiffs to defendant, after plaintiffs had paid the account in full. Plaintiffs had a charge account with the May Department Stores,

which had grown to an indebtedness of $169 over a nine-month period during which plaintiffs had made no payments on the account. The defendant's attorney, Maurice Frank, referred the account for collection to Irvin Emerson, an attorney in Jefferson County, who wrote plaintiffs December 9, 1958, advising them that the account had been referred to him for collection and demanding payment. Plaintiffs made no response and Emerson then filed the first suit on the account July 6, 1959, in the Magistrate Court, returnable July 23, 1959. Upon receipt of the summons, plaintiffs went to Emerson's office and requested an adjustment on the account because of a misalteration of two suits purchased by Mr. Schwarze. Emerson advised them that they would have to take up the adjustment with the defendant, and they went to the defendant's store in St. Louis on July 22nd and paid the account in full, including interest and costs. On the following day they went to the Magistrate Court and showed their receipt to the judge, who continued the case to July 30th because of Emerson's absence.

Plaintiffs testified that they returned to Emerson's office on July 30th and showed him the receipt, whereupon he told them he would dismiss the case. The Magistrate record shows the suit dismissed without prejudice by Emerson on that date.

Mr. Emerson testified to the contrary, stating that he was engaged in the investigation of a murder case as assistant prosecuting attorney and did not see the plaintiffs on the 30th nor know that the account had been paid or the suit dismissed, and was not advised of the payment by the defendant; that because of his duties as assistant prosecuting attorney, several cases, including this one, escaped his attention until the following January when he first learned it had been dismissed without prejudice.

Emerson assumed the suit had been dismissed when he failed to appear and refiled the suit on the identical account January 4,

1960, on his own initiative, advancing the filing fee, without notice or other communication with any person connected with the defendant company. Plaintiffs were again summoned and came to Emerson's office and advised him they had paid the account in full and showed him the receipt. Over defendant's objection, plaintiffs testified Emerson told them he "had instructions to refile the suit."

After this visit, Emerson verified the payment of the account and dismissed the suit on the return date, January 21, 1960.

It further appears that defendant referred all its accounts in Jefferson County to Emerson for collection, and that it had failed to notify him prior to the second suit that plaintiffs had paid their account. Emerson received his fee for the collection on January 29, 1960, after he had dismissed the second suit.

Appellant's first contention is that Emerson's authority to collect the account from the plaintiffs was terminated when plaintiffs paid the account in full, with costs, and presented the receipted bill from the defendant to him as proof of that fact, and that the court erred in failing to direct a verdict for the defendant at the close of the evidence.

■ Under the law, the relation between attorney and client is highly fiduciary in its nature and in a limited and dignified sense it is essentially that of principal and agent. 5 Amer.Jur. p. 286, Sec. 45; Fernbaugh v. Clark, 236 Mo.App. 1200, 163 S.W.2d 999 (K.C.C.A.). In Henderson v. Cape Trading Co., 316 Mo. 384, 289 S.W. 332, loc. cit. 334, the court said:

"Looking to the first ground stated, we should, of course, bear in mind that 'the relation of attorney and client is a relation of agency, and in its general features, is governed by the same rules which apply to other agencies.' Mechem on Agency (2d Ed.) § 2150."

■ It is equally well settled that where the purpose of an attorney's employment has been accomplished, the relationship terminates and his authority as the agent and representative of his client ceases. In Konta v. St. Louis Stock Exch., 150 Mo. App. 617, 131 S.W. 380, 382, (St.L.C.A.), the court held:

"However, as to matters pertaining to litigation, the presumption is that, except for the purpose of receiving notice of appeal or of a similar proceeding for review in the particular suit, the relation of attorney and client ceases to exist when final judgment is given. And, if one relies upon notice to an attorney in those circumstances, he must affirmatively show that the attorney continues to represent the client to whom notice is thus sought to be conveyed."

See also Fernbaugh v. Clark, supra.

In 5 Am.Jur., p. 284, Sec. 43, the rule is stated as follows: " * * * the relation of attorney and client is terminated by the accomplishment of the purpose of its creation, and that no act of the attorney can bind his client thereafter, * * *." When the account was paid by plaintiffs and knowledge of the payment given to Emerson, as plaintiffs testified, and the suit dismissed, Emerson's authority to proceed with the collection terminated and the defendant would not be liable for his subsequent actions unless a new agency relationship was initiated.

■ While we must review the evidence in the light most favorable to plaintiffs, giving them the benefit of all favorable evidence and favorable inferences, nevertheless plaintiffs are bound by their evidence that the purpose of Emerson's original employment had been accomplished and that Emerson had been so advised by them. Nor can they avail themselves of Emerson's evidence or any inferences to the contrary which would conflict with their theory of the case. Burnett v. St. Louis Public Service Co., Mo., 337 S.W.2d 921; Batson v. Ormsbee, Mo.App., 304 S.W.2d 680.

As stated in Giambelluca v. Missouri Pacific R. Co., Mo., 320 S.W.2d 457, 474:

" * * * if a party in full possession of his mental faculties testifies unequivocally and understandingly to a material fact peculiarly within his own personal knowledge, which negatives his right of action or defense, he is precluded from relying upon any testimony to the contrary, unless he gives some reasonable explanation of his previous statement * * *."

■ Upon the filing of the second suit a strong presumption arose in favor of Emerson's authority to initiate the action. In Miller v. Continental Assur. Co. of America, 233 Mo. 91, 134 S.W. 1003, 1004, the court said " * * * there is a strong presumption that, where a party appears in a court of record by a duly licensed and practicing attorney, the attorney was duly authorized to appear and represent such party in said court." See Cochran v. Thomas, 131 Mo. 258, 33 S.W. 6.

■■ This presumption cannot be aided by plaintiffs' testimony that Emerson told them he "had instructions to refile the suit." The law is well settled that neither the fact nor scope of agency can be established by the declarations of the alleged agent, and Emerson's statement was not admissible to prove that he was acting within the scope of his employment as defendant's agent and attorney in filing the second suit. The admission of this evidence over the defendant's objection was error. Rosser v. Standard Milling Co., Mo., 312 S.W.2d 106; State ex rel. Kurz v. Bland, 333 Mo. 941, 64 S.W.2d 638.

■ When the evidence disclosed that Emerson refiled the suit on his own initiative in the mistaken belief that the first suit had been dismissed because of his absence from the Magistrate Court when the cause was called for trial, the burden of proof rested on plaintiffs to prove Emerson's authority to act for the defendant in filing the second suit. As stated in Fernbaugh v. Clark, supra, (163 S.W.2d 1. c. 1005): "Where the relationship of attorney and client is asserted to exist, and it being denied by the attorney and the alleged client, the burden of proof certainly rests upon the party making the claim of such relationship." See also Miller v. Continental Assur. Co., supra.

■ In view of the particular circumstances of this case and the fact that Emerson represented the defendant in all its collections in Jefferson County and had this particular collection referred to him by the defendant, we rule that the question of Emerson's agency presented an issue for the jury and we hold that the court did not err in overruling defendants' motions for directed verdict.

■ Appellant next assigns error in the giving of instructions 1, 2, 3, 4 and 7 offered by the plaintiffs, in that each assumes that Emerson was the agent of the defendant and all of them fail to require the finding of the jury on this contested issue.

Whether Emerson instituted the action as the authorized agent of the defendant or filed it on his own initiative, under the erroneous assumption that it had been dismissed when he failed to appear, was a matter for the jury's determination, and it follows that the instructions in question were erroneous in failing to present this issue to the jury. The defendant's instructions A and B properly presented the agency issue to the jury and it was error to refuse them.

The other assignments raised by appellant relate to trial procedure which should not arise at a second trial and, therefore, will not be considered on this appeal.

For the reasons assigned, this judgment is reversed and the cause remanded.

ANDERSON, P. J., and WOLFE, J., concur.