Mildred E. QUALLS

v.

FIELD ENTERPRISES EDUCATION CORPORATION, a Corporation.

No. 68 C 275(2).

United States District Court
E. D. Missouri, E. D.

June 6, 1969.

the close of the plaintiff's case and at the close of all of the evidence. The defendant has also filed a motion for judgment notwithstanding the verdict and in the alternative for a new trial. The motion for a new trial was abandoned by the defendant in oral argument. This case involves an alleged wrongful sequestration of the plaintiff's wages by the defendant.

Several grounds are urged upon the Court by the defendant in support of its motions. The most crucial of these grounds is that the plaintiff has failed to prove the existence of a principal and agent relationship between the attorney who acted in the manner complained of and the defendant in this action. The plaintiff maintains that under the law of Missouri the filing of a lawsuit raises a presumption that the attorney has authority to appear and represent that party in the action. This is, indeed, the law of Missouri and has been enunciated many times. See, e. g., State ex rel. T. v. Weinstein, 411 S.W.2d 267 (Mo.1967); and Schwarze v. May Department Stores, 360 S.W.2d 336 (St.L. Mo.App.1962). The Court in the *Schwarze* case points out, however, that where the relationship of attorney and client is asserted, and is denied by the attorney and the alleged client, the burden of proof rests upon the party making the claim of the relationship. The Court in that case also points out that the attorney-client relationship is an agency relationship, governed by the same rules which apply to other agencies.

The defendant in the present action denied in its answer to the complaint, in its answers to the plaintiff's request for admissions, and at trial, that the attorney-client relationship existed. The attorney who directed the sequestration, Donald Kramer, was called as a witness by the plaintiff. He testified that he had no contact with the defendant, and that the relationship of attorney and client with the defendant did not exist. The evidence taken as most favorable to the plaintiff is that the attorney, Donald

Harvey Tessler and John J. Relles, Clayton, Mo., for plaintiff.

Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter was tried to a jury which returned a verdict for the plaintiff. The Court reserved ruling on motions by the defendant for a directed verdict at

Kramer, brought the complained of action against the plaintiff at the direction of an attorney Robert Coleman in Kansas City, Missouri. Kramer had brought several lawsuits in the past in the name of the defendant at the request of Coleman. There was absolutely no evidence of the relationship between Coleman and the defendant. The defendant denied that Coleman was its attorney.

 The presumption of the attorney-client relationship disappears by the denial of the alleged client and the alleged attorney. There is no evidence remaining in this case to establish the principal agent relationship necessary to hold the defendant liable for the action taken by the alleged attorney. The defendant is entitled to a directed verdict at the close of plaintiff's case, accordingly, a judgment notwithstanding the verdict is appropriate. A judgment will be entered in favor of the defendant notwithstanding the verdict in favor of the plaintiff returned by the jury.